TANA OIL AND GAS CORPORATION
and Robert B. Rowling,
Petitioners,

v.

Tom C. McCALL and David B.
McCall, Respondents.

No. 01–1181.

Supreme Court of Texas.

Argued Oct. 9, 2002.

Decided Feb. 13, 2003.

Rehearing Denied June 5, 2003.

R. Clay Hoblit, Roberta S. Dohse, Chaves Gonzales & Hoblit, Corpus Christi, for petitioners.

David B. McCall (pro se), Tom C. McCall (pro se), Robert Francis Johnson, McCall & Ritchie, L.L.P., Austin, Britton D. Monts, Monts & Ware, Dallas, for respondents.

Justice HECHT delivered the opinion of the Court, in which Chief Justice PHILLIPS, Justice ENOCH, Justice OWEN, Justice O'NEILL, Justice JEFFERSON, Justice SCHNEIDER and Justice SMITH joined.

As this case comes to us, the narrow question is whether one who tortiously interferes with the relationship between an attorney and his client by suing them in the same action can be liable to the attorney for the value of the attorney's time and the expenses he incurred in defending himself. We answer no and accordingly reverse in part the judgment of the court of appeals [1] and render judgment for petitioners.

This case is the latest chapter in a saga of litigation dating back to 1993. For a more detailed history, the reader is directed to the four appellate opinions that have already resulted, which are cited in the margin.[2] A brief summary is all that is needed to put the present case in context.

John Niemeyer and others, mineral lessors, sued the lessee, Tana Oil and Gas Corp., and others in Fayette County over operations under the lease. The case settled. Eighteen months later, however, Niemeyer and others again sued Tana and others in Fayette County over lease disputes. Tana counterclaimed against Niemeyer. Tana and its principal, Robert B. Rowling (collectively, "Tana"), also sued Niemeyer and his lawyers, Tom McCall and brother David McCall, in Nueces County, asserting that Niemeyer's claims had all previously been settled. The McCalls reciprocated by filing this suit against Tana in Travis County to recover damages for their time and expenses incurred in defending themselves in Nueces County. Eventually, the Nueces County suit was abated, and judgment was rendered in the Fayette County suit that all parties take nothing.

In Travis County, the McCalls sued Tana on several theories, but the only one that survived for trial was their claim that Tana, by suing them and Niemeyer in Nueces County, had tortiously interfered with their agreement to represent Niemeyer in the second Fayette County suit. The McCalls did not claim that the Nueces County suit kept them from representing Niemeyer in Fayette County; on the contrary, they acknowledged that they fully performed their responsibilities as Niemeyer's counsel. They seek no damages related to the Fayette County litigation. Nor did the McCalls claim that they incurred any attorney fees in the Nueces County suit. Rather, the McCalls very clearly stated to the trial court that the only actual damages they claimed were the value of the time they spent in defending themselves as well as the costs they incurred.[3] The trial court impaneled a jury but interrupted the testimony of the

---

1. 82 S.W.3d 337 (Tex.App.-Austin 2001).

2. *Id.; Niemeyer v. Tana Oil & Gas Corp.,* 39 S.W.3d 380 (Tex.App.-Austin 2001, pet. denied); *In re McCall,* 967 S.W.2d 934 (Tex. App.-Corpus Christi 1998, orig. proceeding); *Niemeyer v. Tana Oil & Gas Corp.,* 952 S.W.2d 941 (Tex.App.-Austin 1997, no pet.).

3. The McCalls' counsel stated to the trial court:

- "What we've said was we're not going to ask any mental anguish type damages, just the economic—the value of their time and punitive damages if the jury sees fit."

McCalls' first witness to announce that it would grant Tana's motion for a directed verdict. The trial court discharged the jury and the next day signed an order granting the motion for directed verdict because "as a matter of law, Plaintiffs have not and cannot establish all the elements of this cause of action, viz., Plaintiffs have neither pled nor demonstrated that Plaintiffs suffered any actual damage or loss." Accordingly, the trial court rendered judgment that the McCalls take nothing. The court of appeals affirmed the judgment against the McCalls on all of their claims except tortious interference, which it remanded for further proceedings.[4] Only Tana appealed to this Court.

 We see no causal relationship between the tortious interference the McCalls allege and the only damages they claim. Whatever loss of time and expense they may have sustained in defending themselves in the Nueces County suit could not have been caused by Tana's interference with their legal representation of Niemeyer in the Fayette County suit. Had the McCalls been sued by a creditor for nonpayment of a debt, they could hardly argue that because the defense of that suit took time they would otherwise have spent representing their clients, the creditor would be liable for the cost of their defense because it had tortiously interfered with their agreements with their clients. Tana's suit against them was no different. Therefore, even if we assume that the McCalls could have proved that Tana tortiously interfered with their relationship with Niemeyer, they would not be entitled to the only damages they claimed.

 Ordinarily, a directed verdict should not be granted against a party before the party has had a full opportunity to present its case and has rested.[5] Here, however, the McCalls were not harmed by the trial court's irregular procedure because their action for tortious interference failed not for want of evidence but because proof of all their claims would not have entitled them to the only damages they sought. We emphasize that the McCalls did not merely fail to plead a viable damage claim; rather they affirmatively limited their claim to damages they could not recover as a matter of law. In such a situation, the trial court did not err in dismissing the case.[6]

The McCalls strenuously argue that Tana's suit against them was purely tacti-

---

- "We're not seeking to recover fees for anybody else, for any other lawsuit, other than the damages—the losses suffered by the McCalls in having to defend themselves in [the Nueces County suit]."

Counsel stated to the venire during voir dire: "All the McCalls want is an award of damages to represent the hundreds and hundreds of hours of time that they had to spend and that I had to spend as their friend defending [the Nueces County suit] and getting some—getting them to a point where they could be free of that. That's all we're asking for."

4. 82 S.W.3d 337.

5. *See Wedgeworth v. Kirskey,* 985 S.W.2d 115, 115 (Tex.App.-San Antonio 1998, pet. denied) ("[Directing a verdict] is reversible error if

done before the plaintiff has presented all his evidence."); *Nassar v. Hughes,* 882 S.W.2d 36, 38 (Tex.App.-Houston [1st Dist.] 1994, writ denied) (same); *Buckner v. Buckner,* 815 S.W.2d 877, 878 (Tex.App.-Tyler 1991, no writ) ("The motion for instructed verdict [granted before trial had commenced] was premature."); *Ormsby v. Travelers Indem. Co.,* 573 S.W.2d 281, 285 (Tex.Civ.App.-Waco 1978, no writ).

6. *See Peek v. Equipment Serv. Co.,* 779 S.W.2d 802, 805 (Tex.1989) ("Unless the petition affirmatively demonstrates that no cause of action exists or that plaintiff's recovery is barred, we require the trial court to give the plaintiff an opportunity to amend before granting a motion to dismiss or a motion for summary judgment.").

cal and without merit, and that to deny them recovery is to condone that misconduct. While we agree that courts should not tolerate such conduct, if indeed that is what occurred, the McCalls have not explained why their remedies of sanctions under Rule 13 of the Texas Rules of Civil Procedure and chapter 10 of the Texas Civil Practice and Remedies Code were inadequate, or why they did not move the court in Nueces County to sanction Tana. It is not that the McCalls are without a remedy for the wrong they allege; it is that the remedy they have pursued is not open to them.

Accordingly, we reverse in part the judgment of the court of appeals and render judgment that respondents take nothing against petitioners.

Justice WAINWRIGHT did not participate in the decision.