OPINION



No. 04-08-00107-CV



STATE OFFICE OF RISK MANAGEMENT,


Appellant



v.



Edna A. MARTINEZ,


Appellee



From the 37th Judicial District Court, Bexar County, Texas


Trial Court No. 2001-CI-17102


Honorable David A. Berchelmann, Jr., Judge Presiding



OPINION ON APPELLEE'S MOTION FOR REHEARING


Opinion by: Phylis J. Speedlin, Justice


Sitting: Catherine Stone, Chief Justice

 Karen Angelini, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: June 24, 2009


REVERSED AND REMANDED

 The motion for rehearing filed by appellee Edna A. Martinez is denied. This court's opinion
and judgment dated April 1, 2009, are withdrawn, and this opinion and judgment are substituted. 

 In this workers' compensation case, the State Office of Risk Management appeals the trial
court's pre-trial directed verdict in favor of Edna A. Martinez, an employee of the Texas Department
of Protective and Regulatory Services. We reverse the judgment of the trial court and remand for
further proceedings. Factual and Procedural Background

 Martinez, a child protective services caseworker employed by the Texas Department of
Protective and Regulatory Services, fell while at home on Saturday, June 9, 2001, sustaining injuries
to her head, neck, and left shoulder. Martinez immediately sought emergency room treatment at a
local hospital. The following Monday, Martinez reported her injury to her supervisor and filed a
claim for workers' compensation on the basis that her injury occurred "while she was working on
generic service plans in the kitchen area" at home. When Martinez later submitted her time to her
supervisor for approval, he told her that the hours for June 9, 2001 would not be approved and that
her workers' compensation claim would be denied because she did not have prior approval to work
at home. Subsequently, the State Office of Risk Management denied compensability for Martinez
on the ground that she did not sustain the injury in the course and scope of employment. An
informal dispute resolution proceeding and a contested case hearing ensued. (1) The contested case
hearing officer entered findings of fact including that Martinez "was furthering the business and
affairs of the Employer by making a [sic] reports and service plans that she needed to present in court
on June 11, 2001" but concluded the injury was not compensable because the accident did not
involve an instrumentality inherent to the employment. Martinez appealed. (2) The appeals panel
agreed with Martinez and concluded that Martinez "fell and sustained injuries while working at
home on June 9, 2001," there existed "evidence to support the hearing officer's decision that
claimant had authority to work at home," Martinez was in the "course and scope of her employment
furthering the business affairs of her employer at the time," and there existed a causal connection
between the employment and her injuries. 

 The State Office of Risk Management then initiated this suit for judicial review. (3) Prior to
trial, Martinez filed both a traditional and no-evidence motion for summary judgment; both were
denied. (4) On the day the parties appeared for trial on the merits, Martinez filed a motion for "pre-trial" directed verdict and argued it was timely because: (1) the State Office of Risk Management's
only basis for denying that Martinez was acting in the course and scope of her employment at the
time she was injured, i.e., that she did not have permission to work at home, was irrelevant as a
matter of law; (5) and (2) the evidence conclusively established that the State Office of Risk
Management was untimely in contesting compensability, thereby waiving that defense. After a
hearing on the issues, the trial court granted the directed verdict on all grounds prior to any evidence
being heard. The State Office of Risk Management now appeals, arguing that the trial court erred
in granting the pre-trial motion for directed verdict. In one issue on cross-appeal, Martinez asserts
that the trial court erred in denying her no-evidence and traditional motions for summary judgment. 

Analysis The State Office of Risk Management first argues it was procedurally improper for the trial
court to grant Martinez's motion for pre-trial directed verdict before it had an opportunity to present
evidence. We agree that "[o]rdinarily, a directed verdict should not be granted against a party before
the party has had a full opportunity to present its case and has rested." Tana Oil & Gas Corp. v.
McCall, 104 S.W.3d 80, 82 (Tex. 2003). In fact, it is generally reversible error for the trial court to
direct a verdict without allowing the plaintiff to present all of its evidence. See Wedgeworth v.
Kirskey, 985 S.W.2d 115, 116 (Tex. App.--San Antonio 1998, pet. denied). However, in at least one
instance, the Texas Supreme Court has held that a procedural error in granting a directed verdict
before the close of evidence did not require reversal where no harm was shown. See Tana Oil & Gas
Corp., 104 S.W.3d at 82 (holding that directed verdict granted during first witness's testimony was 
"irregular" but harmless because proof of all claims would still not entitle plaintiffs to the only
damages sought). Accordingly, we must examine Martinez's responsive arguments supporting the
trial court's pretrial directed verdict. We review a directed verdict in the light most favorable to the
nonmovant disregarding all contrary evidence and inferences in order to determine whether there
exists probative evidence in the record to raise a fact issue on the matter. Szczepanik v. First Southern
Trust Co., 883 S.W.2d 648, 649 (Tex. 1994). If there exists evidence of probative value on any
theory of recovery, an instructed verdict is improper and the case must be reversed and remanded for
jury determination. Id. 

 Martinez contends the trial court's directed verdict was neither premature nor improper. She
argues the trial court initially and correctly determined that the only evidence the State Office of Risk
Management could offer on the issue of whether Martinez was acting in the course and scope of her
employment when she sustained her injuries (i.e., testimony by her supervisor that Martinez did not
have prior approval to work at home) was irrelevant and inadmissible as a matter of law. We disagree
with Martinez's basic premise that the State Office of Risk Management had no other evidence. The
record confirms that counsel for the State Office of Risk Management sought, but because of the
directed verdict, was denied the right to call Martinez as an adverse witness. Thus, the trial court's
actions effectively precluded the State Office of Risk Management from cross-examining Martinez's
version of the facts. Generally, a party's testimony raises an issue of credibility for jury
determination, thereby precluding a directed verdict. See Collora v. Navarro, 574 S.W.2d 65, 69
(Tex. 1978). In fact, as our Supreme Court has noted, there exist cases "where the credibility of an
interested witness or party is so suspect that it must go to the jury, even though the testimony is
uncontradicted." Id. Here, the premature granting of a directed verdict improperly denied the State
Office of Risk Management the right to cross-examine Martinez and thereby challenge her credibility
on disputed fact issues relevant to whether she sustained a compensable injury. (6)

 Alternatively, Martinez argues that even if the directed verdict was premature, it should
nonetheless be affirmed because it essentially restated the grounds for, and expressly incorporated,
Martinez's prior motions for traditional and no-evidence summary judgment. In support of this
argument, Martinez notes that Rule 166a of the Texas Rules of Civil Procedure does not limit the
number of times a motion for summary judgment may be filed or considered by the trial court. Tex.
R. Civ. P. 166a. Therefore, Martinez contends that the trial court could have granted the directed
verdict based on its reconsideration of the grounds set forth in her summary judgment motions. See
Winn v. Martin Homebuilders, Inc., 153 S.W.3d 553, 555 (Tex. App.--Amarillo 2004, pet. denied)
(denial of motion for summary judgment is an interlocutory ruling subject to change without further
motion or prior notice to the parties until final judgment is rendered). However, as Martinez's
argument implicitly acknowledges, nothing in the record before us indicates that Martinez intended,
or the trial court construed, her motion for directed verdict as a re-urging of her summary judgment
motions. In fact, the orders denying summary judgment remain undisturbed. Accordingly, we reject
Martinez's arguments in support of the directed verdict and sustain the State Office of Risk
Management's first issue. 

 In its second issue on appeal, the State Office of Risk Management argues that the trial court
erred in granting the motion for pre-trial directed verdict on the basis of a so-called "Downs waiver." 
In her motion for pre-trial directed verdict, Martinez argued that "a carrier who fails to either begin
benefits or file a notice of refusal on or before the seventh day after receiving first written notice of
injury is barred from later contesting compensability on any ground, unless based on newly
discovered evidence." Tex. Lab. Code Ann. §§ 409.021, .022 (Vernon 1996); Continental Cas. Co.
v. Downs, 81 S.W.3d 803 (Tex. 2002). The Downs waiver, however, is no longer a viable argument
for Martinez in light of the Texas Supreme Court's recent decision in Southwestern Bell Telephone
Co., L.P. v. Mitchell, 276 S.W.3d 443 (Tex. 2008). Downs held that section 409.021(a) of the Texas
Labor Code required insurance carriers to either initiate compensation benefits or contest them within
seven days of receiving notice of injury, and that failure to do so waived the right to contest
compensability. See id. at 448. The Legislature promptly amended the Labor Code to make clear that
this interpretation of the Code was incorrect. Id. Finding Downs to be "an anomaly in the law," the
court stated that cases falling within the "gap," i.e., between the holding in Downs and the effective
date of the amendment to the Labor Code, should not be held to the erroneous standard pronounced
in Downs. Id. This case falls within that gap. Accordingly, the Downs waiver does not apply, and
the State Office of Risk Management's second issue is sustained.

 In one issue on cross-appeal, Martinez asserts that we may affirm the trial court's judgment
on the ground that her no-evidence and traditional motions for summary judgment were erroneously
denied. Martinez contends that the trial court erred in denying her no-evidence and traditional
motions for summary judgment because the State Office of Risk Management had no probative
evidence that Martinez did not sustain her injury in the course and scope of employment, and because
the evidence conclusively established as a matter of law that the State Office of Risk Management
did not timely contest the compensability of her injury. Generally, an order denying a motion for
summary judgment, whether traditional or no-evidence, is interlocutory and not appealable. See
Novak v. Stevens, 596 S.W.2d 848, 849 (Tex. 1980); see also Tex. R. Civ. P. 166a(i), 1997 Comment. 
Because this case does not come within an exception to the general rule that a denial of summary
judgment is interlocutory and not appealable, we conclude that Martinez's cross-issue is not
reviewable on appeal. 




Conclusion

 Based on the foregoing analysis, we reverse the judgment of the trial court and remand the
cause to the trial court for further proceedings.


 Phylis J. Speedlin, Justice

1. The Texas Workers' Compensation Act provides an administrative process for parties to resolve disputed
issues. The first step is a benefit review conference. Tex. Lab. Code Ann. §§ 410.021, 410.023, 410.024 (Vernon
2006). If issues remain between the parties after the benefit review conference, the parties proceed to a contested case
hearing. Id. § 410.151 (Vernon 2006). 
2. A party has fifteen days to appeal the decision of the contested case hearing officer to the division appeals
panel. Id. § 410.202(a) (Vernon 2006). 
3. Once the appeals panel issues its ruling, the parties have forty days to file a request for review in district
court. Id. § 410.252(a) (Vernon 2006).
4. The record reflects that Martinez's motions for summary judgment were denied by the Honorable John 
Gabriel, presiding judge of the 131st Judicial District Court, Bexar County, Texas. 
5. Martinez also filed a motion in limine seeking to preclude all testimony about whether Martinez did or did
not have permission to work at home at the time she was injured because such testimony was not relevant to course and
scope. The trial court appeared inclined to grant the motion in limine, but did not render an oral or written ruling. See
S&A Restaurant Corp. v. Leal, 892 S.W.2d 855, 858 (Tex. 1995) (per curiam) (words used by trial court must convey
the present intent to render judgment); Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56, 58 (Tex.1970) (judgment's
"rendition is judicial act by which the court settles and declares the decision of the law upon the matters at issue"). 
6. The Workers' Compensation Act defines a "compensable injury" as one "that arises out of and in the course
and scope of employment for which compensation is payable under [the Act]." Tex. Lab. Code Ann. § 401.011(10)
(Vernon 2006). Accordingly, determining whether an employee has sustained a compensable injury involves a two-prong
test: (1) whether the injury occurred in the course and scope of employment; and (2) whether the injury arose from
employment. See Tex. Workers' Compensation Ins. Fund. v. Simon, 980 S.W.2d 730, 734 (Tex. App.--San Antonio
1998, no pet.).