MEMORANDUM OPINION





 No. 04-08-00520-CV



Baron C. CLARK, Appellant



v.



Carlos PORTER,


Appellee



From the 131st Judicial District Court, Bexar County, Texas


Trial Court No. 2002-CI-03220


Honorable Peter Sakai, Judge Presiding



Opinion by: Karen Angelini, Justice




Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: August 26, 2009


AFFIRMED

 Appellant Baron C. Clark, the plaintiff below, appeals from a take-nothing judgment
rendered against him in a commercial breach of contract suit. Because we conclude the trial court's
pretrial granting of a motion for judgment was not error in light of deemed admissions, and the trial
court did not err in denying Clark's motion for sanctions and assessing costs against Clark, we affirm
the trial court's judgment.


Background

 On March 2, 2002, Centerview Professional Building, L.P., sued appellee Carlos Porter for
breach of a commercial lease contract. (1) Porter answered, and filed counterclaims against Centerview
and Clark. Eventually, Porter's counterclaims were settled and non-suited, and Clark was substituted
for Centerview. 

 Porter sent Clark twenty-nine requests for admissions. Clark did not timely respond to these
requests. Later, Clark maintained that he had responded to the requests for admissions, albeit more
than six months after the responses were due. Porter moved for summary judgment based on the
deemed admissions.

 Trial on the merits was set for April 7, 2008. Before the bench trial began, the trial court
considered and denied Porter's summary judgment motion, and struck Clark's purported response
to the requests for admissions as untimely. Porter then moved for judgment based on the deemed
admissions. The trial court granted the motion for judgment and rendered a take-nothing judgment
in favor of Porter.

 The trial court made findings of fact, including the following:

4. On or about September 17, 2003, Requests for Admissions were sent to the Plaintiff.


5. Baron Clark attached a copy of unsigned and undated Responses to Request[s] for Admission[s] as Exhibit G to his Plaintiff's Response to Defendant's Response to Defendant Carlos Porter's Motion for Sanctions and Motion to Show Authority/Dismiss filed on April 7, 2004.


6. Baron Clark attached a copy of unsigned and undated Responses to Request[s] for Admissions as Exhibit C to his Plaintiff's Response to Motion for Summary Judgment filed on March 28, 2008. 


7. No certificate of service appears on the alleged responses to requests for admissions.


8. Baron Clark could present no proof that he timely responded to the Requests for Admissions directed to the Plaintiff by the Defendant.


The trial court also made conclusions of law, including the following:


2. Baron C. Clark failed to timely respond to Request[s] for Admissions and the admissions were deemed admitted.


3. The deemed admissions dictated judgment in favor of the Defendant.


Arguments Presented


 On appeal, Clark's primary complaint is that the trial court erred in granting Porter's motion
for judgment and using the deemed admissions to bar his breach of contract claim. Clark also
complains the trial court erred in denying his motion for sanctions and in assessing costs against him.
Although Clark raises other complaints, our opinion is limited to the issues necessary to the final
disposition of this appeal. See Tex. R. App. P. 47.1. (stating appellate courts must hand down a
written opinion that is as brief as practicable but that addresses every issue raised and necessary to
the final disposition of the appeal). 

Motion for Judgment/Deemed Admissions

 Clark's complaint about the motion for judgment focuses on the timing of the motion, which
he asserts was premature. In a bench trial, a judge may grant a motion for judgment, which is the legal
equivalent of a directed verdict in a jury trial. See Qantel Business Sys.,Inc. v. Custom Controls Co.,
761 S.W.2d 302, 303 (Tex. 1988); Bledsoe Dodge, L.L.C. v. Kuberski, 279 S.W.3d 839, 841 (Tex.
App.--Dallas 2009, no pet.). Ordinarily, a directed verdict should not be granted against a party
before the party has a had a full opportunity to present its case and has rested. Tana Oil & Gas Corp.
v. McCall, 104 S.W.3d 80, 82 (Tex. 2003). In fact, it is generally reversible error for the trial court
to direct a verdict without allowing the plaintiff to present all of its evidence. Wedgeworth v. Kirskey,
985 S.W.2d 115, 116 (Tex. App.--San Antonio 1998, pet. denied). However, in at least one instance,
the Texas Supreme Court has held that the granting of a directed verdict before the close of plaintiff's
evidence did not require reversal when no harm was shown. See Tana Oil & Gas, 104 S.W.3d at 82
(holding that directed verdict granted during first witness's testimony was "irregular" but not error
because proof of all claims would still not entitle plaintiffs to the only damages sought). 

 Important to our analysis in this case is the existence of deemed admissions. Under Texas
Rule of Civil Procedure 198.1, a party may serve on another party written requests that the other party
admit the truth of any matter within the scope of discovery. Tex. R. Civ. P. 198.1. The responding
party must serve a written response on the requesting party within 30 days after service of the request.
Tex. R. Civ. P. 198.2 (a). Absent a timely response, the matter in the request is considered admitted
without the necessity of a court order. Id. 198.2(c). "A matter admitted under this rule is conclusively
established as to the party making the admission unless the court permits the party to withdraw or
amend the admission." Tex. R. Civ. P. 198.3. Thus, unanswered requests for admissions are
automatically deemed admitted, unless the court permits their withdrawal or amendment. Marshall
v. Vise, 767 S.W.2d 699, 700 (Tex. 1989). 

 A request for admission, once admitted or deemed, is a judicial admission, and the party
making the admission cannot introduce controverting evidence on the issue. Id.; Continental Carbon
Co. v. Sea-Land Serv., Inc., 27 S.W.3d 184, 190 (Tex. App.--Dallas 2000, pet. denied); Beasley v.
Burns, 7 S.W.3d 768, 769-70 (Tex. App.--Texarkana 1999, pet. denied). Deemed admissions filed
with the trial court clerk and part of the record at the time of trial need not be introduced in evidence
to be properly before the court. Red Ball Motor Freight, Inc. v. Dean, 549 S.W.2d 41, 43 (Tex. Civ.
App.--Tyler 1977, writ dism'd w.o.j.); Ins. Co. of N. Am. v. Fire Ins. Exch., 508 S.W.2d 703, 704
(Tex. Civ. App.--Waco 1974, no writ). However, at trial a party relying on deemed admissions must
protect the record by objecting to controverting evidence and to the submission of any issue bearing
on the facts admitted. Marshall, 767 S.W.2d at 700. Failure to properly protect the record waives the
right to rely on the controverted admissions. See id. (holding party waived his right to rely upon
admissions which were controverted by testimony admitted at trial without objection); see also
Acevedo v. Comm'n for Lawyer Discipline, 131 S.W.3d 99, 104-05 (Tex. App.--San Antonio 2004,
pet. denied) (discussing waiver of right to rely on deemed admissions in the summary judgment and
trial contexts). 

 Here, Porter served Clark with requests for admissions that were never timely answered. Thus, 
the matters in the requests for admissions were automatically admitted. When this case was called to
trial, the deemed admissions were on file and before the court, and Clark had not moved to withdraw
the admissions. An evaluation of Clark's allegations and the deemed admissions before the court
shows that Clark was precluded from recovering on his breach of contract claim. 

 Clark's breach of contract claim was based on allegations that Porter breached the lease by
(1) failing or refusing "to pay all the rent due for the months of August 1, 2000 until present," and (2)
"abandoning and vacating the premises on or about July 19, 2000, in direct violation of the default
provisions of the [l]ease." The record further indicates the breach of contract claim was based on
Porter's failure to pay common maintenance expenses, property taxes, and insurance fees in
accordance with the terms of the lease. In his answer, Porter claimed his obligations under the lease
were excused by Clark's earlier material breach of the lease. Specifically, Porter maintained that Clark
entered the leased premises and removed all his signs, and that the signs were crucial to his operation
and a material part of the lease; and that Clark engaged in other conduct--including threats of
physical violence, stalking, harassment, and preventing Porter's use of the premises--which
interfered with Porter's right to quiet enjoyment of the leased premises and constituted a further
material breach of the contract by Clark. 

 When one party to a contract commits a material breach of that contract the other party is
discharged or excused from further performance. Mustang Pipeline Co., Inc. v. Driver Pipeline Co.,
Inc., 134 S.W.3d 195, 196 (Tex. 2004); Hernandez v. Gulf Group Lloyds, 875 S.W.2d 691, 692 (Tex.
1994). Whether a party's initial breach is material to excuse the other party's performance of a
contract is generally a fact question. See Mustang Pipeline Co., 134 S.W.3d at 198-99. 

 In the present case, Clark was deemed to have admitted the following: (1) in June of 2000,
Porter was in compliance with all the terms of the lease agreement; (2) in July of 2000, Porter was
current on all amounts charged by Clark for the leased premises; (3) prior to July of 2000, Clark
removed Porter's signage in breach of the lease agreement; (4) in July of 2000, Clark removed
Porter's signage in breach of the lease agreement; (5) Clark removed all of Porter's signs from the
leased premises and the common areas in violation of the lease agreement prior to the alleged breach
by Porter; (6) the provisions for signage were a material element of the lease agreement; (7) in July
of 2000, Clark threatened to "kick" Porter's "ass" in breach of Clark's duty to allow Porter the quiet
enjoyment of the leased premises; (8) in June and July of 2000, Clark stalked Porter in breach of
Clark's duty to allow Porter the quiet enjoyment of the leased premises; (9) in January of 2000, Clark
threatened to lock Porter out of the leased premises unless Porter paid funds to Clark that were not
authorized by the lease agreement; (10) Porter's obligations under the lease agreement were excused
because of a material breach of the lease agreement by Clark that preceded any alleged breach by
Porter; (11) Clark's conduct prior to August of 2000, and each act independently or taken together
constituted a material breach to Porter's right to quiet enjoyment of the leased premises and a breach
of Porter's rights under the lease agreement; and (12) because Clark breached the lease agreement
and/or prevented Porter's performance under the lease agreement and/or anticipatorily breached the
lease agreement, Porter was excused from any performance and had no liability to Clark.

 Based on the deemed admissions, Porter was current on all amounts charged under the lease
agreement as of July 2000, and was excused from further performance because of Clark's earlier
material breach of the lease agreement. As a result of the deemed admissions, there were no contested
fact issues remaining in this case, and Clark was not entitled to admit evidence contradicting the
deemed admissions. And, by moving for judgment when he did, Porter protected the record and
avoided any waiver of the deemed admissions as he was required to do. See Marshall, 767 S.W.2d
at 700 (stating a party relying on deemed admissions at trial must protect the record by objecting to
the introduction of controverting evidence and to the submission of any issue bearing on the facts
admitted); Jolet v. Garcia, No. 05-97-01461-CV, 2000 WL 276906, at *3 (Tex. App.--Dallas March
15, 2000, pet. denied) ( mem. op., not designated for publication) (concluding that the defendant
prevented the introduction of evidence contradicting deemed admissions by moving for judgment
before the offer of any evidence). 

 In Tana Oil & Gas Corp. v. McCall, the Texas Supreme Court concluded that the granting of
a directed verdict before the close of the plaintiff's case was "irregular" but not error because even
if the plaintiff had admitted evidence on her claims, she would still have not been entitled to judgment
as a matter of law. 104 S.W.3d at 82. The case before us is analogous. Here, because the deemed
admissions were the only evidence before the court and Clark was precluded from introducing any
contradictory evidence, the pretrial granting of Porter's motion for judgment, although irregular, was
not error. We, therefore, overrule Clark's issue concerning the granting of the motion for judgment.

 Motion for Sanctions
 

 Rule 13 authorizes a trial court to impose sanctions against an attorney, a represented party,
or both, who file a groundless pleading brought in bad faith or brought for the purpose of harassment. 
Tex. R. Civ. P. 13. Here, Clark filed a Rule 13 motion for sanctions claiming certain statements made
in Porter's answer--specifically factual allegations concerning Porter's defenses--were groundless
and false. On appeal, Clark argues the trial court erred because it denied his motion for sanctions
"without first having heard the motion." We disagree.

 The record shows the trial court provided Clark the opportunity to present his motion for
sanctions, stating, "Okay. Mr. Clark, let's go with your sanctions." Clark then began arguing his
motion for sanctions. When it became clear that Clark's sanctions motion related to the factual
allegations made in Porter's answer, the trial judge postponed further argument on the motion until
after the merits of the suit were addressed. Clark never re-urged his motion for sanctions. We,
therefore, overrule Clark's issue concerning his motion for sanctions. 

Costs

 Finally, Clark argues the trial court abused its discretion in awarding costs to Porter. Texas
Rule of Civil Procedure 131 provides, "The successful party to a suit shall recover of his adversary
all costs incurred therein, except where otherwise provided." Tex. R. Civ. P. 131. A defendant who
obtains a take-nothing judgment is a successful party. Imperial Lofts, Ltd. v. Imperial Woodworks,
Inc., 245 S.W.3d 1, 8 (Tex. App.--Waco 2007, pet. denied); Denney v. Texas Employers Ins. Ass'n,
780 S.W.2d 412, 413 (Tex. App.--Texarkana 1989, no writ). Thus, the trial court did not abuse its
discretion in awarding costs to Porter. See State Farm Mut. Auto. Ins. Co. v. Grayson, 983 S.W.2d
769, 770 (Tex. App.--San Antonio 1998, no pet.) (reversing the trial court's award of costs to a
plaintiff on a take-nothing judgment and awarding costs to the defendant). We, therefore, overrule
Clark's issue concerning costs.

Conclusion

 The judgment of the trial court is affirmed.

 Karen Angelini, Justice

 
1. The lease, which designates Centerview Professional Building, L.P. as the landlord, is signed by Baron C.
Clark. Clark is Centerview's managing partner and registered agent.