

# NUMBER 13-17-00089-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CINTHIA ESQUIVEL AND
ISRAEL ESQUIVEL,                                        Appellants,

v.

PILAR ESPINOSA AND ESPINOSA
LAW FIRM, PLLC,                                         Appellees.

### On appeal from the County Court at Law No. 8 of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras, and Hinojosa
### Memorandum Opinion by Justice Rodriguez

By one issue, appellants Cinthia and Israel Esquivel appeal from a summary judgment rendered in favor of appellees Pilar Espinosa and the Espinosa Law Firm, PLLC (collectively, "the Firm"). We affirm.

## I.  BACKGROUND

In their petition, the Esquivels alleged that they purchased a car from a local dealership.   When the dealership refused to deliver title for the car, the Esquivels sought legal counsel.   On March 19, 2011, they hired the Firm by executing a contingent-fee agreement.   The Firm filed suit on the Esquivels' behalf.

The Esquivels became dissatisfied with the Firm's representation and sought to discharge the Firm.   The Esquivels and the Firm arranged this by executing a second agreement.   Under the second agreement, the Esquivels released the Firm from any further representation, and the parties agreed to "terminate and cancel any and all continuing responsibility under any and all attorney fee agreements, written or oral" with regard to the Esquivels' suit against the dealership.

After the second agreement was signed, the parties disputed responsibility for the expenses that the Firm incurred in representing the Esquivels.   The parties sued one another in justice of the peace court.   The Firm prevailed and obtained a judgment for $7,033.21 in expenses, plus interest.   The Esquivels appealed to the county court de novo.

In the county court, the Firm nonsuited its claims against the Esquivels.   The Esquivels pursued claims against the Firm for various torts and breach of the second agreement.   The Firm filed a motion for summary judgment alleging nine distinct grounds upon which summary judgment should be granted.   The county court granted the motion and disposed of all of the Esquivels' claims.   The Esquivels appeal.

## II.    STANDARD OF REVIEW

A traditional motion for summary judgment requires the moving party to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). A defendant may carry this burden by conclusively negating one of the elements of the plaintiffs' cause of action or conclusively proving all of the elements of an affirmative defense. *Stanfield v. Neubaum*, 494 S.W.3d 90, 96 (Tex. 2016). An issue is conclusively established if reasonable minds could not differ about the conclusion to be drawn from the facts in the record. *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017). If the defendant produces evidence demonstrating summary judgment is proper, the burden shifts to the plaintiff to present evidence creating a fact issue. *Stanfield*, 494 S.W.3d at 96. In evaluating whether a fact issue precludes summary judgment, we take all evidence favorable to the nonmovant as true and indulge every reasonable inference in the nonmovant's favor. *Id.*

## III.    DISCUSSION

By their sole issue on appeal, the Esquivels offer limited briefing, largely consisting of a single paragraph that was copied multiple times. Within that paragraph, the Esquivels offer only three short arguments, none of which is sufficient to negate the Firm's summary judgment grounds.

First, the Esquivels generally contend that the trial court did not adhere to the rule that in order to obtain summary judgment, the movant must conclusively disprove an element of the plaintiffs' claim or conclusively prove an affirmative defense. *See id.* The

3

Esquivels assert that the Firm's failure to disprove the Esquivels' claims or prove an affirmative defense renders a summary judgment improper.

The Esquivels acknowledge that in certain circumstances, summary judgment may be granted on the pleadings, but they argue that summary judgment on the pleadings is only permissible after special exceptions have been sustained, citing *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983) and *Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 9 (Tex. 1974). The Esquivels argue that because there was no ruling on special exceptions, summary judgment on the pleadings was improper.

However, *Herring* itself acknowledges the possibility that in some instances, summary judgment may be granted on the pleadings without special exceptions. The *Herring* court held "only after a party has been given an opportunity to amend after special exceptions have been sustained may the case be dismissed *for failure to state a cause of action*." 513 S.W.2d at 10 (emphasis added). The *Herring* court contrasted this with situations in which a party "plead[s] himself out of court; E.g., the plaintiff may plead facts which affirmatively negate his cause of action." *See id.* at 9. In such situations, no special exceptions are required. *See id.* Later cases have continued to adhere to the principle. *See Tana Oil & Gas Corp. v. McCall*, 104 S.W.3d 80, 82 n.6 (Tex. 2003) (quoting *Peek v. Equip. Serv. Co. of San Antonio*, 779 S.W.2d 802, 805 (Tex. 1989)) ("Unless the petition affirmatively demonstrates that no cause of action exists or that plaintiff's recovery is barred, we require the trial court to give the plaintiff an opportunity to amend before granting a motion to dismiss or a motion for summary judgment."); *Garza v. Smith*, 860 S.W.2d 631, 633 (Tex. App.—Corpus Christi 1993, no writ) (similar). Thus,

4

contrary to the Esquivels' argument, summary judgment on the pleadings is proper without special exceptions where the plaintiffs have pleaded themselves out of court.

Such was the Firm's argument here. The gravamen of the Firm's summary judgment argument was that the Esquivels had pleaded themselves out of court by triggering an insurmountable bar to their own claims. As support, it cited *State v. Durhan* for the proposition that "summary judgment is proper when there is an insurmountable bar to the plaintiff's recovery." 860 S.W.2d 63, 68 (Tex. 1993). In this vein, the Firm's first ground argued that the Equivels' claims were exclusively based upon communications within a judicial proceeding, which were subject to the judicial communications privilege. *See*, *e.g.*, *Krishnan v. Law Offices of Preston Henrichson, P.C.*, 83 S.W.3d 295, 302 (Tex. App.—Corpus Christi 2002, pet. denied) (noting that communications made in the due course of a judicial proceeding are absolutely privileged and will not serve as the basis for a defamation action, even if the statement is false and uttered or published with express malice); *Crain v. Smith*, 22 S.W.3d 58, 60 (Tex. App.—Corpus Christi 2000, no pet.). The Firm argued that its communications in the justice of the peace court lawsuit were privileged and therefore could not serve as the basis for the Esquivels' current suit. Because the basis of their suit was entirely privileged, the Firm reasoned, the Esquivels' current suit was barred as a matter of law. The Firm elaborated and offered variations on this judicial privilege theory in its second, third, and fourth grounds, and the thrust of each of these grounds was the same: the Esquivels' pleadings triggered privileges which doomed their claims to failure. We conclude that

special exceptions were not required before the trial court could grant summary judgment on this basis. *See Tana Oil*, 104 S.W.3d at 82 n.6.

Aside from their argument concerning special exceptions, the Esquivels offer only two arguments as to why a summary judgment should be reversed. They argue, "This alleged ground does not identify Plaintiffs' claim or claims in question." To the contrary, the Firm's motion specified that all of the Esquivels' claims should be subject to summary judgment on the basis of judicial privilege.

The Esquivels next argue, "This alleged ground does not give Plaintiffs fair notice of a basis for the relief requested by Defendants, as would satisfy TRCP 166a, as would satisfy due process standards, or as would put Plaintiffs to the burden of presenting evidence." Contrary to the Esquivels' argument, the Firm's motions devoted seven pages to explaining the intricacies of its theory concerning the judicial communications privilege, and why the Esquivels' pleading triggered that privilege in a way that barred the Esquivels' claims. Therefore, without passing on the merits of the Firm's argument concerning the judicial communications privilege itself, we reject the Esquivels' only challenges to the Firm's judicial privilege theory.

When the movant urges multiple grounds for summary judgment and the order does not specify which was relied upon to render the summary judgment, the appellant must negate all grounds on appeal in order to prevail. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Brown v. Hensley*, 515 S.W.3d 442, 446 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Whatever the merits of the Firm's summary judgment ground concerning the judicial communications privilege, the Esquivels have

6

done nothing to negate that ground, and we will not compose their arguments for them. Because the Esquivels have not negated the Firm's summary judgment ground concerning the judicial communications privilege, the summary judgment must be affirmed.   *See Star-Telegram*, 915 S.W.2d at 473.

We overrule the Esquivels' sole issue.

### IV.   CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 27th
day of December, 2018.

7