COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| GEORGE ALEJOS and YOLANDA ALEJOS, | § | No. 08-23-00321-CV |
| | § | Appeal from |
| Appellants, | | |
| | § | 57th District Court |
| v. | | |
| | § | of Bexar County, Texas |
| JOHN VANCE and DEPOLOS, INC., | | |
| | § | (TC# 2016-CI-07128) |
| Appellees. | | |

## MEMORANDUM OPINION ON REHEARING[1]

We grant Appellees' motion for rehearing, withdraw our opinion and judgment of September 4, 2024, and substitute this opinion and its corresponding judgment in their place.

Appellees John Vance and Depolos, Inc. (collectively, Vance) sued Appellants George and Yolanda Alejos, asserting claims for fraudulent transfer of property and civil conspiracy. The trial court entered judgment in Vance's favor based on two earlier orders. The first order had struck the Alejoses' original answer and deemed admissions against them, and the second had struck their amended answer based on the same admissions. Because the appellate record does not include the transcript of the hearing preceding the striking of the original answer and the deeming of admissions, we affirm the judgment of the trial court except as to the amount of damages awarded,

---

[1] This appeal was transferred to us from the Fourth Court of Appeals pursuant to a docket equalization order. Tex. Gov't Code Ann. § 73.001. We thus apply that court's precedent to the extent it conflicts with our own. Tex. R. App. P. 41.3.

which part of the judgment we reform to clarify the amount awarded.

## I. BACKGROUND

Vance filed this suit in 2016, alleging he was entitled to collect on a 1998 judgment against Mr. Alejos, and that Mr. Alejos and his wife had thwarted his collection efforts by engaging in fraudulent transfers of property and a civil conspiracy. The Alejoses filed an original answer asserting a general denial.

On July 21, 2017, Vance filed a motion to compel discovery and for sanctions. The motion asserted that the Alejoses' responses to written discovery, including requests for admissions, were late because they "were served by facsimile after 5:00 p.m. on June 19, 2017," the due date, "[t]hus, by rule, [the] responses are deemed served on the next business day[.]"[2] In addition, the motion asserted that the Alejoses had "submitted late, incomplete responses with frivolous objections, provided no information, answered virtually nothing and produced nothing." The Alejoses did not file a response to the motion.

On July 27, 2017, the Alejoses' counsel filed a motion to withdraw, which was granted on August 24, 2017, obliging the Alejoses to proceed pro se.

On August 29, 2017, the trial court signed an order granting Vance's motion to compel and for sanctions. The order, which indicated that a hearing had been held at which evidence was presented,[3] included findings that "[the Alejoses'] responses to . . . requests for admission were late served and therefore waived and each and every one of the requests for admission is deemed admitted by operation of law"; "[the Alejoses] submitted late, incomplete responses with frivolous

---

[2] The responses are timestamped from 06/19/2017 17:23 to 17:31.

[3] The opening paragraph of the order reads as follows:

> On Tuesday, August 28, 2017, came on to be heard [Vance's] Motion to Compel Discovery and for Sanctions for Failure to Make Discovery. After hearing and considering the said motion, the respective arguments of counsel, the documents, pleadings and papers on file, and the evidence presented to the court, the court is of the opinion that the Motion should be granted and sustained.

2

objections, provided no information, answered virtually nothing and produced nothing"; and the Alejoses "have abused the discovery process for the purpose of causing unreasonable delay, attorney's fees and costs to [Vance], all to the detriment and prejudice of [Vance's] ability to prepare for trial." In addition, the order included rulings that each of Vance's requests for admission is "deemed admitted" and the Alejoses' answer "is hereby stricken." No transcript of the August 28, 2017 hearing is included in the appellate record.[4]

On March 2, 2022, represented by new counsel, the Alejoses filed an amended answer and motion to strike deemed admissions. The amended answer included a general denial and asserted the affirmative defenses of payment and limitations. The motion to strike argued that "[d]eemed admissions will prevent [the Alejoses] from litigating this lawsuit," which would "violate [their] due process rights, unless [Vance] can establish flagrant bad faith or callous disregard for the rules[.]" The motion further stated that the deemed admissions would be "case determinative, and constitute a 'merits-preclusive sanction[,]'" and Vance would not be unduly prejudiced if they were withdrawn. The motion to strike deemed admissions was never set for hearing.

On May 9, 2023, the Alejoses' counsel filed a motion to withdraw, which was granted on May 23, 2023, obliging the Alejoses to again proceed pro se.

On September 5, 2023, Vance filed a motion to strike the Alejoses' amended answer, arguing the defenses it raised are "contrary to the deemed admissions made by [the Alejoses], which admissions were court ordered admitted, and which admissions and order have been the law of the case for over six (6) years." The Alejoses did not file a response.

On September 21, 2023, after a hearing at which the Alejoses appeared pro se, the trial

---

[4] Nor does the appellate record include a written request for the transcript of any hearing held by the trial court. *See* Tex. R. App. P. 34.5(a)(9) (clerk's record must contain "any request for a reporter's record"); *id*. 34.6(b)(1)–(2) (request for reporter's record must be in writing and filed). However, the appellate record does include transcripts of the hearings held on September 21, 2023, and October 5, 2023.

court signed an order striking their amended answer.[5]

A jury trial was set for the week of October 2, 2023. On September 29, 2023, Vance filed a motion for instructed/directed verdict "based on [the Alejoses'] judicial admissions and [their] having no answer on file," contending that "[b]y this honorable Court's Order of August 29, 2017, [the Alejoses] have judicially admitted facts and issues establishing [Vance's] claims against them as a matter of law."

On October 5, 2023, the Alejoses appeared for trial pro se. Mr. Alejos requested a continuance, stating he had just hired an attorney. The trial court denied this request because no motion for continuance had been filed. As to the merits, Vance's counsel argued he was "entitled to judgment based on th[e] judicial admissions, and it would behoove the Court to allow [Vance] to proceed in that vein . . . that is, through a directed verdict instead of having to take the time with a jury, because the jury wouldn't decide anything." Mr. Alejos explained how he "completely disagreed" with the motion for directed verdict.

At the conclusion of the hearing, the trial court orally granted Vance's motion for directed verdict except as to his request for exemplary damages. A final judgment was signed the same day, finding that the Alejoses' original answer had been struck on August 29, 2017, that the Alejoses' amended answer had been struck on September 21, 2023, and that Vance was thus entitled to default judgment. The judgment accordingly granted a directed verdict and rendered judgment in Vance's favor. The judgment also awarded damages in the amount of $1 million and attorney's fees in the amount of $400,000 through trial, and an additional $150,000 and $135,000 in the event of an appeal to the Court of Appeals and the Texas Supreme Court, respectively—all of which amounts were supported by the deemed admissions.

---

[5] Although the Alejoses filed no response to Vance's motion to strike their amended answer, at the hearing Mr. Alejos stated that he opposed the motion.

This appeal followed with the Alejoses again represented by counsel—their fourth in this case.

## II.  ISSUES ON APPEAL

The Alejoses raise five issues on appeal: (1) whether the trial court erred in striking their answers; (2) whether Vance's requests for admission were proper and whether the trial court erred in deeming them admitted; (3) whether the trial court erred in granting a directed verdict without presentation of evidence; (4) whether Vance's fraudulent transfer claim was extinguished by the statute of limitations or repose; and (5) whether the 1998 judgment Vance sought to collect was dormant.

## III.  STANDARD OF REVIEW AND APPLICABLE LAW

### A.  Directed verdict

We review a directed verdict de novo, using the legal sufficiency standard for a no-evidence summary judgment. *City of Baytown v. Schrock*, 645 S.W.3d 174, 178 (Tex. 2022). A plaintiff is entitled to a directed verdict "when reasonable minds can draw only one conclusion from the evidence." *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex. 1978); *see also Hale v. Rising S Co., LLC*, No. 05-21-01103-CV, 2023 WL 3714751, at *4 (Tex. App.—Dallas May 30, 2023, pet. denied) (mem. op.) (same). Our task in such cases is to "determine whether there is any evidence of probative force to raise fact issues on the material questions presented." *Collora*, 574 S.W.2d at 68; *see also Hale*, 2023 WL 3714751, at *4 (same). We consider the evidence "in a light favorable to the party suffering an adverse judgment, crediting all reasonable inferences and disregarding evidence and inferences to the contrary." *Schrock*, 645 S.W.3d at 178.

While ordinarily a directed verdict should be granted against a party only after the party has had a full opportunity to present the party's case, an exception applies where proof of a party's claims will not entitle the party to the relief sought and thus the party cannot recover as a matter of law. *Tana Oil & Gas Corp. v. McCall*, 104 S.W.3d 80, 82 (Tex. 2003) (holding mid-trial

directed verdict proper against parties who "limited their claim to damages they could not recover as a matter of law," thus "proof of all their claims" would not have entitled them to relief); *see also Hale,* 2023 WL 3714751, at *4 (directed verdict is proper where "(1) a defect in the opponent's pleading renders it insufficient to support a judgment, (2) the evidence conclusively proves a fact that establishes a party's right to judgment as a matter of law, or (3) the evidence offered . . . is insufficient to raise an issue of fact").

### B. Deemed admissions

Under Texas Rule of Civil Procedure 198, a party may serve "written requests that the other party admit the truth of any matter within the scope of discovery[.]" Tex. R. Civ. P. 198.1. The other party must generally respond within 30 days. *Id.* 198.2(a). If no timely response is served, a request is deemed admitted without the necessity of a court order. *Id.* 198.2(c).

When a deemed admission arises from a merits-preclusive request—e.g., one seeking an admission of liability—it amounts to a death-penalty sanction. *Medina v. Zuniga*, 593 S.W.3d 238, 244 (Tex. 2019). Such a result is disfavored. Admissions are "intended to simplify trials," e.g., by "addressing uncontroverted matters or . . . the authenticity or admissibility of documents," not to establish that a party has no defense or no claim. *Marino v. King*, 355 S.W.3d 629, 632 (Tex. 2011).[6] That is, Rule 198 was intended to be used as "a tool, not a trapdoor." *Id.*

When deemed admissions preclude a presentation of the merits, they raise "the same due process concerns as other case-ending discovery sanctions." *Id.* Thus, a showing of "flagrant bad faith or callous disregard for the rules" is required to substantiate a judgment based solely on deemed admissions. *Id*. at 633.[7] Bad faith involves not just poor judgment or negligence, but the

---

[6] The Alejoses assert that "[r]equests for admission are improper and ineffective when used to establish controverted issues that constitute the fundamental legal issues in a case." However, no authority is cited for this proposition and, as explained below, *Marino* instead holds that such requests are not prohibited, but rather raise "the same due process concerns as other case-ending discovery sanctions." *Marino v. King*, 355 S.W.3d 629, 632 (Tex. 2011).

[7] While we are aware of no precedent requiring such a showing in the directed verdict context, *Marino* required such

"conscious doing of a wrong for a dishonest, discriminatory, or malicious purpose." *Brewer v. Lennox Hearth Products, LLC*, 601 S.W.3d 704, 719 (Tex. 2020). Bad faith or callous disregard may also exist when "a party is mindful of impending deadlines and nonetheless either consciously or flagrantly fails to comply[.]" *McEndree v. Volke*, 634 S.W.3d 413, 423 (Tex. App.—Eastland 2021, no pet.) (citing *Ralls v. Funk*, 592 S.W.3d 178, 183 (Tex. App.—Tyler 2019, pet. denied)).

We review a trial court's rulings regarding deemed admissions for an abuse of discretion. *Marino*, 355 S.W.3d at 633 ("trial courts have broad discretion to permit or deny the withdrawal of deemed admissions"); *see also Medina v. Zuniga*, 593 S.W.3d 238, 244 (Tex. 2019) ("We review a Rule 215 sanctions award for abuse of discretion."); Tex. R. Civ. P. 215.4(a) ("If [a trial] court determines that an answer [to a written request for admission] does not comply with the requirements of Rule 198, it may order either that the matter is admitted or that an amended answer be served."). A trial court abuses its discretion if it "acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Walker v. Baptist St. Anthony's Hosp.*, 703 S.W.3d 339, 343 (Tex. 2024).

## IV. DISCUSSION

### A. Whether striking the Alejoses' answers or deeming admissions against them was an abuse of discretion

Because the Alejoses' first and second issues—whether the trial court erred in striking their answers or deeming admissions against them—are related, we discuss them together.

As both parties acknowledge, the trial court's final judgment granted a directed verdict in Vance's favor based on two earlier orders, one issued on August 29, 2017, and the other on September 21, 2023. The August 2017 order had ruled, among other things, that the Alejoses' original answer was "hereby stricken" and Vance's requests for admission were "deemed

---

a showing in the summary judgment context. *See* 355 S.W.3d at 634 ("Using deemed admissions as the basis for summary judgment . . . does not avoid the requirement of flagrant bad faith or callous disregard . . . to support a merits-preclusive sanction; it merely incorporates the requirement as an element of the movant's . . . burden.").

admitted." The September 2023 order had ruled that the Alejoses' amended answer was likewise "stricken and held for naught." In the motion underlying the latter order, Vance had requested that the Alejoses' amended answer be struck based on "the deemed admissions made by [the Alejoses]." Notably, the motion for directed verdict did not seek a new deeming of admissions, but instead relied on the prior 2017 order:

> [Vance] move[s] to strike the aforesaid first amended answer on the grounds that the two [new] defenses are contrary to the deemed admissions made by [the Alejoses], which admissions were court ordered admitted, and which admissions and order have been the law of the case for over six (6) years.

The Alejoses contend the trial court abused its discretion in striking their answers because: (1) "[t]he gist of [Vance's] argument was that the [Alejoses] had not timely responded to requests for admission," but "[Vance] cannot prove that the [Alejoses]' responses were anything but timely, given the lack of a certificate (or return) of service on the requests"; (2) "[a] trial court 'must attempt to determine whether [discovery abuse] is attributable to counsel only, to the party only, or to both,'" but here the trial court acted "without evidence in the record (or at least an inquiry) as to who was responsible"; (3) the trial court "failed to consider lesser sanctions"[8]; (4) no apparent prejudice resulted from any discovery abuse; and (5) there was no evidence of "flagrant bad faith or counsel's callous disregard," which is required to satisfy due process concerns where deemed admissions amount to a death-penalty sanction, *see Marino*, 355 S.W.3d at 633.

Vance, in contrast, contends that striking the Alejoses' answers was not an abuse of discretion, as the trial court "could have reasonably concluded that [the Alejoses'] bad faith, complete failure to provide direct answers and production in compliance with [Vance's] written

---

[8] The Alejoses assert that after considering lesser sanctions, a trial court imposing a case-ending discovery sanction must "includ[e] in the order 'an extensive, reasoned explanation of the appropriateness of the sanction imposed,'" citing *Cire v. Cummings*, 134 S.W.3d 835, 842 (Tex. 2004). But while *Cire* held that before imposing a case-ending sanction "a trial court must analyze the available sanctions and offer a reasoned explanation as to the appropriateness of the sanction imposed," it did not hold that such an explanation must be included in the sanction order itself; rather, what is required is that "the record reflect[] that the trial court considered lesser sanctions before striking pleadings and the party's conduct justifies the presumption that its claims lack merit." 134 S.W.3d at 842.

discovery, violation of the rules of procedure, bad faith gamesmanship, hiding behind frivolous objections, and failure to make even the basic disclosures" supported the sanctions imposed.

Unfortunately, based on the appellate record before us, we are unable to evaluate either side's contentions. All sanctions imposed on the Alejoses, including the striking of both answers and the deeming of admissions against them, ultimately stem from the August 2017 hearing.[9] As noted above, the appellate record does not include a transcript of that evidentiary hearing. As a result, we do not know what evidence, if any, may have been presented regarding, e.g., whether the Alejoses' discovery responses were timely[10]; who, if anyone, was responsible for any discovery abuse; whether lesser sanctions were appropriate; whether prejudice resulted from any discovery abuse; or whether the Alejoses acted in bad faith or callous disregard of the rules.

A party who complains of an abuse of discretion "has the burden to bring forth a record showing such abuse." *MSW Corpus Christi Landfill, Ltd. v. Gulley-Hurst, L.L.C.*, 664 S.W.3d 102, 109 (Tex. 2023). Absent such a record, we "must presume that the evidence before the trial judge was adequate to support the decision." *Id*.; *see also In re N.M.D*., No. 04-13-00849-CV, 2014 WL 3339627, at *2 (Tex. App.—San Antonio July 9, 2014, no pet.) (mem. op.) ("[W]ithout a reporter's record, an appellate court cannot review a trial court's order for an abuse of discretion.") (citing *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied)). Accordingly, we must presume the evidence before the trial court was adequate to support its decision to strike the Alejoses' answers and deem admissions against them.

We overrule the Alejoses' first and second issues.

---

[9] While the Alejoses' amended answer was not struck until 2023, this sanction was based on the admissions deemed in 2017.

[10] While the Alejoses note "the lack of a certificate (or return) of service" on the discovery requests themselves, we do not know what other evidence, if any, may have been presented at the August 2017 hearing regarding whether the responses were timely served.

## B. Whether a directed verdict was proper

The Alejoses argue the trial court's granting of a directed verdict was improper because "even if the deemed admissions were proper . . . [Vance] needed to prove [his] standing (ownership of the 1998 judgment), and that a fraudulent transfer occurred and somehow caused [him] harm." They maintained that "even without the Alejoses being able to assert [their affirmative defenses], a reasonable jury could have determined that [Vance] lacked standing to sue, failed to prove an actionable fraudulent transfer, and failed to adduce evidence of damages[.]"

However, the admissions deemed against the Alejoses included that they "are jointly and severally liable to [Vance]," and that "[a]s a result of [their] fraudulent transfer(s), [Vance] ha[s] been damaged in the amount of $1,000.000.00." These admissions, which Vance introduced into evidence at the pretrial hearing on October 5, 2023,[11] constituted conclusive proof of liability and damages. Tex. R. Civ. P. 198.3 ("A matter admitted under this rule is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission."); *see also Jolet v. Garcia*, No. 05-97-01461-CV, 2000 WL 276906, at *2 (Tex. App.— Dallas Mar. 15, 2000, pet. denied) ("Deemed admissions serve as evidence in lieu of the testimony of witnesses.") (citing *Taylor v. Lewis*, 553 S.W.2d 153, 161 (Tex. App.—Amarillo 1977, writ ref'd n.r.e.) (same)).

The Alejoses further maintain that "more fundamentally, the trial court erred by directing a verdict without conducting a trial," citing *State Office of Risk Management v. Martinez*, 300 S.W.3d 9, 11 (Tex. App.—San Antonio 2009, pet. denied). But while *Martinez* states the general rule—"[o]rdinarily, a directed verdict should not be granted against a party before the party has had a full opportunity to present its case and has rested"—*Martinez* also acknowledges the

---

[11] While the case was set for a jury trial, the trial court judge explained, "[p]rior to beginning a trial, I am going to take up pretrial matters only . . . . [T]here is a motion for a directed verdict, and that is the only matter that I will be taking up. Depending on my ruling, you may or may not be sent for a jury assignment."

exception to the rule created by the Texas Supreme Court in *Tana*, 104 S.W.3d at 82. In *Tana*, the Supreme Court held that a directed verdict granted during the first witness's testimony was "irregular" but harmless, given that proof of all the plaintiffs' claims would not have entitled them to the damages they sought, meaning they could not recover as a matter of law. *Id.*

In *Clark v. Porter*, a bench trial case, the Fourth Court of Appeals extended the *Tana* exception to the equivalent of a *pretrial* directed verdict, holding that "the trial court's pretrial granting of a motion for judgment was not error in light of deemed admissions." No. 04-08-00520-CV, 2009 WL 2618359, at *1 (Tex. App.—San Antonio Aug. 26, 2009, pet. denied) (mem. op.) (citing *Tana*'s holding that "granting of a directed verdict before the close of the plaintiff's case was 'irregular' but not error[,]" 104 S.W.3d at 82); *see also id.* at *2 (explaining that "a motion for judgment [in a bench trial] . . . is the legal equivalent of a directed verdict in a jury trial"); *id.* at *4 ("The case before us is analogous [to *Tana*]. Here, because the deemed admissions were the only evidence before the court and Clark was precluded from introducing any contradictory evidence, the pretrial granting of Porter's motion for judgment, although irregular, was not error.").

We conclude that the *Tana* exception applies here as well, as neither evidence disproving Vance's claims nor evidence disproving Vance's damages would have enabled the Alejoses to overcome their admissions regarding these issues. Like the motion for directed verdict granted in *Tana* and the motion for judgment granted in *Clark*, the motion for directed verdict here sought a result required as a matter of law.

We overrule the Alejoses' third issue.[12]

---

[12] The Alejoses additionally assert "[n]o order setting the [directed verdict] motion for hearing appears in the record," and they "were not provided notice of a default judgment hearing." However, the final order reflects that they appeared in person at the October 2023 hearing. Further, they make no argument that reversible error occurred. The Alejoses also assert that the exhibits Vance offered in evidence at the hearing were not admitted or authenticated. However, the record reflects that after the exhibits were offered in evidence, the trial court responded, "All right," and no lack-of-authentication objection was made. And again, the Alejoses make no argument that reversible error occurred.

## C.  Whether the Alejoses' defenses were properly disregarded

The Alejoses argue Vance's fraudulent transfer claim was barred by the relevant statute of repose and the 1998 judgment Vance sought to collect is dormant. However, in addition to addressing liability and damages, the admissions deemed against the Alejoses also addressed their defenses, including that they "have no defense to [Vance's] causes of action plead against [them] in [his] Original Petition,"[13] and that "[Vance] [is] entitled to judgment against [them] jointly and severally." Thus, even if the Alejoses' defenses had merit, a matter we do not address, presentation of evidence on these issues would not have enabled the Alejoses to overcome the corresponding admissions deemed against them.

We overrule the Alejoses' fourth and fifth issues.

## V.  CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court except as to the amount of damages awarded, which part of the judgment we reform to clarify that the amount of damages awarded equals $1 million total, not $1 million for each plaintiff.

LISA J. SOTO, Justice

February 28, 2025

Before Alley, C.J., Palafox and Soto, JJ.
Alley, C.J. (Ret.), not participating.

---

[13] The Alejoses note that the deemed admissions "do not ask [them] to admit that they have no defenses to the claims set forth in the second amended and supplemental petitions, only the original petition." However, the Alejoses do not argue that the claims asserted in any amended or supplemental petition are substantively different from those in the original petition. Nor do the Alejoses argue that their unqualified admission of liability does not imply a lack of defenses regardless of a specific admission to that effect.