DAVID J. SACKS, P.C. d/b/a Sacks & Associates, Petitioner,

v.

Charles McIntyre HADEN, Jr., Individually, and Charles McIntyre Haden, Jr. & Company d/b/a Haden & Company, Respondent.

No. 07–0487.

Supreme Court of Texas.

July 11, 2008.

Rehearing Denied Sept. 26, 2008.

David J. Sacks, Sacks Law Firm, Houston, TX, pro se.

David W. Holman, The Holman Law Firm, P.C., Kristen Aldridge Black, Sacks Law Firm, Houston, TX, for Petitioner.

Richard N. Countiss, Countiss Law Firm, Arnold G. Polanco, Ross, Banks, May, Cron & Cavin, Houston, Douglas Alexander, Alexander Dubose Jones & Townsend, LLP, Austin, TX, for Respondent.

PER CURIAM.

This is an appeal of a trial court's turnover order awarding fees a law firm incurred in its efforts to recover damages awarded for a client's breach of their fee agreement. David J. Sacks, P.C. obtained partial summary judgment on its breach of contract claim against former client Charles Haden and his company, and the trial court awarded Sacks $30,314.38 plus interest. When Haden did not supersede that judgment pending his appeal of the case, Sacks undertook considerable expense under section 31.002 of the Texas Civil Practice and Remedies Code to secure a turnover order, have a receiver appointed, prevent postjudgment transfer of assets, and seek dismissal of Haden's eventual bankruptcy filings. The trial court ruled that Section 31.002(e) entitled Sacks to attorney's fees incurred in collection of the judgment, and awarded Sacks $90,000 as reasonable costs and attorney's fees.

Haden appealed the underlying breach of contract judgment as well as the turnover order. Initially, the court of appeals unanimously affirmed both the trial court's judgment and the turnover order. On rehearing, the court of appeals reversed the trial court's judgment on Sacks's underlying breach of contract claim, holding that the issue of whether there was a meeting of the minds between the parties was a question of fact that a jury must decide. 222 S.W.3d 580, 590–91 (Tex.App.-Houston [1st Dist.] 2007). Because the court of appeals reversed the underlying judgment, it also reversed the subsequent turnover order. *Id.* at 598.

We reversed the court of appeals' judgment with respect to the breach of contract claim, holding that the fee agreement was unambiguous and that the parol evidence rule bars consideration of evidence of an oral agreement to cap the fees. *Sacks v. Haden*, 266 S.W.3d 447 (Tex.2008) (per curiam). Accordingly, without hearing oral argument, we reverse the court of appeals' judgment as to the turnover order and remand this case to the court of appeals for consideration of whether the turnover order was proper under Section 31.002(e). *See* TEX. R. APP. P. 59.1.