# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00115-CV

**Axel D. Haubold, Appellant**

**v.**

**Medical Carbon Research Institute, LLC; MCRI, Inc.;
and On-X Life Technologies, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. D-1-GN-08-002054, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal arises from a longstanding employment dispute between appellant Axel D. Haubold and his former employer Medical Carbon Research Institute, LLC, (Medical Carbon) and related companies, MCRI, Inc., and On-X Life Technologies (jointly MCRI). Haubold appeals the trial court's order granting partial summary judgment dismissing his claims against MCRI and final judgment awarding MCRI attorney's fees on its counterclaim following a jury trial. For the reasons that follow, we affirm the trial court's judgment except as to the award of attorney's fees. We reverse the trial court's award of attorney's fees and render judgment that MCRI take nothing on its counterclaim.

**FACTUAL AND PROCEDURAL BACKGROUND**

Haubold's employment with Medical Carbon began in 1994. According to a letter to Haubold from Medical Carbon CEO Jack Bokros dated April 29, 1994, Medical Carbon was to pay Haubold "an annual salary of $10,000 and $25,000[] deferred compensation to be paid when the company is profitable and has the resources to do so." The letter also provided that Haubold was to "become a member" and "receive 400 Incentive Units and 125 Special Incentive Units." Haubold maintains, and MCRI disputes, that in a subsequent oral agreement, Bokros, on behalf of Medical Carbon, also promised Haubold additional amounts of $20,000 and $125,000 per year to be deferred for four years, at which time Haubold would begin to receive an annual salary of $125,000, and that he would retain the 125 special incentive units even after the company was in a position to pay the deferred compensation. Haubold worked for Medical Carbon from 1994 until January 2000. Haubold initially received $10,000 annual compensation in cash, the cash compensation was incrementally increased, and in May 1998, his annual cash compensation was increased to $125,000.

In approximately 2007, Medical Carbon reorganized, converting from a limited liability company to a corporation and becoming a subsidiary of On-X Life Technologies. The parties disagree as to the effect of the reorganization on Haubold's special incentive units. MCRI contends that they were converted to common stock in the new corporation, MCRI, Inc., and are reflected as such in the corporate records. Haubold contends he never received any stock certificates and the reorganization "extinguished" his "repayment priority." In 2008, a dispute arose between Haubold and MCRI, Inc., regarding Haubold's deferred compensation. Through counsel, Haubold asserted a claim for breach of contract and requested payment of $85,987.44 for deferred

2

compensation. MCRI, Inc., responded by filing a declaratory judgment action seeking a declaration that Haubold was not entitled to the deferred compensation he sought under the terms of the parties' employment agreement. Haubold filed a counterclaim for breach of contract, naming Medical Carbon and On-X Life Technologies as third-party defendants and asserting that MCRI had failed to pay deferred compensation in the amount of $85,987.44 owed under the parties' agreement.

In April 2008, the parties entered into a settlement agreement whereby Medical Carbon/MCRI, Inc., agreed to pay Haubold $85,987.44 and Haubold agreed to release "any and all claims which have been raised or could have been raised by the Parties relating solely to Haubold's present entitlement to the deferred compensation he sought in the above-styled lawsuit." Six weeks later Haubold filed the suit underlying this appeal alleging breach of contract and seeking $500,000 in deferred salary and/or repayment priority based on Medical Carbon's alleged oral agreement to defer $125,000 annual salary for four years and issue Haubold 125 special incentive units. MCRI counterclaimed for breach of the settlement agreement and sought damages in the form of attorney's fees, as well as attorney's fees under Chapter 38 of the Civil Practices and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 38.001–.006. Haubold subsequently added claims for conspiracy, fraud, breach of fiduciary duty, fraudulent transfer, stock fraud, and violations of the Texas Securities Act, *see* Tex. Rev. Civ. Stat. art. 581-33, and sought equitable relief in connection with these claims.

MCRI filed a motion for summary judgment "as to all claims of . . . Haubold" on the grounds that the claims were barred by the statute of frauds, accord and satisfaction based on the settlement agreement, the applicable statutes of limitations, and the economic loss rule. The trial court granted MCRI's motion, without specifying the grounds on which it relied, and dismissed "all

3

claims of . . . Haubold . . . in their entirety and with prejudice." MCRI's counterclaim remained pending. Seven days before trial, on the deadline set by the trial court for amending pleadings, MCRI filed its third amended counterclaim, asserting for the first time that the damages it incurred in the form of attorney's fees were "the natural, probable, and foreseeable consequence" of Haubold's breach of the settlement agreement. Haubold filed a motion to strike MCRI's third amended petition on the grounds of untimeliness and surprise and a motion to dismiss MCRI's counterclaim on the ground that MCRI had asserted no statutory or common law basis for recovery of attorney's fees, both of which the trial court denied. The trial court granted MCRI's motion to realign parties, and the case proceeded to a jury trial on MCRI's claim for breach of the settlement agreement. MCRI presented evidence of the attorney's fees it had incurred in defending Haubold's claims and prosecuting its counterclaim. The jury found that Haubold breached the settlement agreement and awarded MCRI damages in the form of attorney's fees in the amounts of $103,000 for preparation and trial, $20,000 for an appeal to the court of appeals, and $10,000 for an appeal to the supreme court. The trial court entered a final judgment in favor of MCRI and awarded attorney's fees in accordance with the jury's verdict. Haubold filed a motion for new trial or alternatively motion to modify judgment, which the trial court denied. This appeal followed.

## DISCUSSION

**Partial Summary Judgment**

In his fifth issue, Haubold contends that the trial court erred in granting summary judgment in favor of MCRI on his various causes of action. Initially, Haubold contends that the trial court's summary judgment exceeded the scope of MCRI's motion because the motion addressed only

4

his claim for deferred salary and not his "shareholder claims" for termination of his special incentive units and their repayment priority as set forth in the operating agreement governing the special incentive units. However, having failed to assert this argument in his response to MCRI's motion as an issue precluding summary judgment, Haubold cannot raise it on appeal as a reason to reverse the summary judgment. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal a grounds for reversal."); *Pinnacle Anesthesia Consultants, P.A. v. Fisher*, 309 S.W.3d 93, 105–07 (Tex. App.—Dallas 2009, pet. denied) (applying Rule 166a(c) and holding appellant could not raise on appeal arguments not made in its response to motion for summary judgment); *see also* Tex. R. App. P. 33.1 (preservation of error prerequisite to presenting complaint appeal). Therefore, we will not disturb the summary judgment on this basis. *See Pinnacle Anesthesia*, 309 S.W.3d at 105–07; *Anderton v. Cawley*, No. 05-10-00693-CV, 2012 Tex. App. LEXIS 3621, at *40 (Tex. App.—Dallas May 8, 2012, no pet.) (mem. op.).[1]

---

[1] Even if Haubold had not waived this argument, however, we would not find it persuasive. Although Haubold's pleadings are somewhat confusing, it is clear that he sought the same damages—$500,000 in deferred salary and/or repayment priority of the 125 special incentive units allegedly promised in the employment agreement—for all of his causes of action. Although Haubold alternatively requested equitable relief in connection with his non-contractual claims, those remedies were requested in lieu of or as a means of enforcing payment of these same damages. All of Haubold's claims, even to the extent of his claims for extinguishment of the special incentive units allegedly resulting form the reorganization, stemmed from the alleged promises in the employment agreement.

In its motion, MCRI challenged Haubold's breach of contract claim and argued that all of Haubold's non-contractual claims sought the benefit of the bargain of the employment contract and "presupposed the existence of an agreement to defer $500,000 in salary in exchange for 125 special incentive units." Thus, MCRI's motion for summary judgment addressed "all of the claims" of Haubold, including his claim for the special incentive units, regardless of the capacities in which he asserted them, and stated sufficient grounds to support the summary judgment. *See* Tex. R. Civ. P.

5

MCRI sought summary judgment on four grounds: that Haubold's claims were barred by (1) the statute of frauds, (2) accord and satisfaction based on the settlement agreement, (3) the applicable statutes of limitations, and (4) the economic loss rule. The trial court granted summary judgment on all of Haubold's claims without specifying the grounds. On appeal, Haubold challenges the summary judgment on grounds (1) and (2), but not on grounds (3) or (4).[2] When the trial court does not specify the basis for its summary judgment, the appellant must attack all independent bases or grounds that support the judgment. *Worldwide Asset Purchasing, L.L.C. v. Rent-A-Center East, Inc.*, 290 S.W.3d 554, 559 (Tex. App.—Dallas 2009, no pet.); *Jack v. Holiday World of Houston*, 262 S.W.3d 42, 49 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Britton v. Texas Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *Barefield v. Lone Star Beef Prod.*, No. 03-12-000329-CV, 2012 Tex. App. LEXIS 7540, at *3 (Tex. App.—Austin Aug. 31, 2012, no pet.) (mem. op.). Where

---

166a(c) (motion for summary judgment shall state specific grounds therefor); *FDIC v. Lenk*, 361 S.W.3d 602, 610 n.7 (Tex. 2012) (citing *Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 772–73 (Tex. 1978), *overruled on other grounds by City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)) (purpose of Rule 166a(c) is to provide opposing party adequate information to oppose motion and define issues for summary judgment); *Bever Props., L.L.C. v. Jerry Huffman Custom Builder, L.L.C.*, 355 S.W.3d 878, 889 (Tex. App.—Dallas 2011, no pet.) (citing *Dear v. City of Irving*, 902 S.W.2d 731, 734 (Tex. App.—Austin 1995, writ denied)) (grounds for motion for summary judgment are sufficiently specific if motion gives fair notice of claim involved). Therefore, were we to consider this argument, we would conclude that the trial court's summary judgment dismissing all of Haubold's claims did not exceed the scope of MCRI's motion for summary judgment.

[2] Although Haubold's brief includes a single general assertion that MCRI failed to establish all the elements of all of its affirmative defenses, the brief does not contain any further discussion of the statutes of limitation or economic loss rule defenses. Thus, Haubold has waived any complaint with regard to those two defenses. *See* Tex. R. App. P. 38.1(i) (requiring brief to contain clear and concise argument with appropriate citations to authorities and to the record).

a judgment may rest upon more than one ground, an appellant who does not challenge each ground waives his right to complain of the ruling to which no error was assigned, and the judgment will be affirmed on the ground as to which no complaint is made. *Humphries v. Advanced Print Media*, 339 S.W.3d 206, 208 (Tex. App.—Dallas 2011, no pet.); *Britton*, 95 S.W.3d at 681; *Johnson v. Coggeshall*, 578 S.W.2d 556, 560 (Tex. Civ. App.—Austin 1979, no writ). This rule is based on the premise that an appellate court normally cannot alter an erroneous judgment for a reason not raised in a point of error on appeal. *See Walling v. Metcalfe*, 863 S.W.2d 56, 58, (Tex. 1993); *Britton*, 95 S.W.3d at 681. If the independent ground is of a type that could, if meritorious, fully support the judgment, but the appellant assigns no error to that independent ground, then we must accept the validity of that unchallenged ground, and any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the judgment. *Jack*, 262 S.W.3d at 49–50; *Britton*, 95 S.W.3d at 681; *Ward v. Ward*, No. 12-11-00368-CV, 2012 Tex. App. LEXIS 5264, at *6 (Tex. App.—Tyler June 29, 2012, no pet.) (mem. op.); *Yazdchi v. Bennett*, No. 01-04-01057-CV, 2006 Tex. App. LEXIS 3122, at *4 (Tex. App.—Houston [1st Dist.] Apr. 20, 2006, no pet.) (mem. op.).

Ground (3), that all of Haubold's claims were barred by the applicable statutes of limitations, is an independent ground of the type that could, if meritorious—an issue we need not decide—support the partial summary judgment dismissing Haubold's claims. *See Jack*, 262 S.W.3d at 50; *Britton*, 95 S.W.3d at 680–81; *Barefield*, 2012 Tex. App. LEXIS 7540, at *3; *Ward*, 2012 Tex. App. LEXIS 5264, at *7. Because Haubold has not challenged all independent bases or grounds that could, if meritorious, support the partial summary judgment dismissing his

claims, we must affirm the trial court's partial summary judgment. We overrule Haubold's fifth issue.

**MCRI's Third Amended Counterclaim**

We turn next to Haubold's fourth issue, in which he complains that the trial court erred in failing to strike MCRI's third amended counterclaim, filed on November 8, 2010—which was seven days before trial and the deadline for amended pleadings specified in the trial court's discovery control order. Haubold contends that in claiming for the first time that its attorney's fees were the "natural, probable, and foreseeable consequence" of his breach of the settlement agreement, MCRI asserted a new cause of action that was untimely under the trial court's discovery order requiring the parties to plead all affirmative claims and counterclaims by June 15, 2010. Alternatively, Haubold maintains that because the amendment contained a new cause of action, it operated to surprise him. *See* Tex. R. Civ. P. 63 (governing pleading amendments prior to trial).

We review a trial court's decision to grant or strike a pleading amendment for an abuse of discretion. *See Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938, 939–40 (Tex. 1990). A trial court abuses its discretion when its ruling is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000) (per curiam). Rule 63 provides that parties may amend their pleadings "as they may desire . . . at such time as not to operate as a surprise to the opposite party; provided, that . . . within seven days of the date of trial or thereafter" any pleading amendments may be filed only with prior leave of court, "which leave shall be granted" unless the opposing party makes a showing of surprise. *See* Tex. R. Civ. P. 63. Because MCRI's third amended counterclaim was filed seven days before

8

trial, no leave of court was necessary under Rule 63, and the trial court was required to allow the amendment unless Haubold showed that it operated to surprise him. *See id.*; *Sosa v. Central Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995) (per curiam) (citing comment to Rule 63 stating supreme court's intent to authorize amendment without leave if filed seven days or more before trial and holding that Rule 4 governs computation of time under Rule 63 so that pleading filed seven days before trial is not "within seven days of trial" and does not require leave of court). The amended pleading was also timely under the trial court's discovery control order unless it asserted a new claim. Thus, whether MCRI's third amended petition was untimely under the trial court's discovery control order or operated to surprise Haubold turns on whether the amended pleading asserted a new cause of action. We conclude that it did not.

Haubold argues that MCRI's new assertion that its attorney-fee damages were the "natural, probable, and foreseeable consequence" of his breach of the settlement agreement constituted a new cause of action for recovery of "common law" attorney's fees and "was a surprise." However, beginning with its original answer and counterclaim, MCRI sought to recover, under its breach of contract claim, its reasonable attorney's fees as "damages arising from [Haubold's] breach of the settlement agreement in excess of the minimum jurisdictional limits of this Court."[3] The addition of language in the third amended counterclaim asserting that the attorney-fee damages previously asserted were the "natural, probable, and foreseeable consequence" of Haubold's breach of the settlement agreement added neither a new cause of action nor a new basis for recovery of

---

[3] In separate paragraphs, MCRI also sought attorney's fees under Chapters 37 and 38 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code §§ 38.001–.006, 37.001–.011.

9

attorney's fees; both before and after the amendment, MCRI sought damages in the form of attorney's fees for its claim that Haubold breached the settlement agreement, and the amendment did not change the sole substantive issue remaining for trial. *See Chapin & Chapin, Inc. v. Texas Sand & Gravel Co.*, 844 S.W.2d 664, 665 (Tex. 1992) (per curiam) (verified denial was in nature of procedural change and amendment adding it did not change any substantive issue for trial); *Greenhalgh*, 787 S.W.2d at 939–40 (post-trial amendment that changed only amount of damages to conform to jury verdict raised no new substantive matters). Further, Haubold presented no evidence of surprise. *See Chapin*, 844 S.W.2d at 665; *compare Greenhalgh*, 787 S.W.2d at 940–41 (party opposing post-trial amendment changing amount of damages to conform to jury verdict presented no evidence of surprise) *with Stevenson v. Koutzarov*, 795 S.W.2d 313, 321 (Tex. App.—Houston [1st Dist.] 1990, writ denied) (party opposing amendment showed surprise where pleading filed seven days before trial added five causes of action and increased damages sought from $30,000 to $16.5 million). Thus, the trial court could have reasonably concluded that the amendment was timely under Rule 63, did not allege a new cause of action, making it also timely under the trial court's discovery control order, and did not operate to surprise Haubold. On this record, we conclude that the trial court did not abuse its discretion in refusing to strike the pleading. *See* Tex. R. Civ. P. 63; *Chapin*, 844 S.W.2d at 665; *Greenhalgh*, 787 S.W.2d at 940–41. We overrule Haubold's fourth issue.

**Attorney's Fees**

In his first three issues, Haubold complains of the trial court's award of attorney's fees to MCRI on its counterclaim for breach of the settlement agreement. Haubold first contends that

MCRI is not entitled to attorney's fees on its breach of contract claim as a matter of law because MCRI did not establish any actual damages in addition to its attorney's fees and costs, as required under Chapter 38. *See* Tex. Civ. Prac. & Rem. Code § 38.001(8). We agree.

Generally, we review a trial court's award of attorney's fees under an abuse of discretion standard. *See Ridge Oil Co., Inc. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004). However, here the issue is whether Texas law recognizes a particular basis for the recovery of attorney's fees, which is a question of law that we review de novo. *See Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999) (per curiam) (availability of attorney's fees under particular statute is question of law); *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012) (appellate courts review questions of law de novo). "Texas law distinguishes between recovery of attorney's fees *as* actual damages and recovery of attorney's fees *incident to* recovery of other actual damages." *Haden v. David J. Sacks, P.C.*, 222 S.W.3d 580, 597 (Tex. App.—Houston [1st Dist.] 2007) (op. on reh'g), *rev'd in part on other grounds*, 263 S.W.3d 919 (Tex. 2008) (per curiam). Attorney's fees are ordinarily not recoverable as actual damages in and of themselves.[4] *Worldwide Asset Purchasing*, 290 S.W.3d at 570; *Haden*, 222 S.W.3d at 597 (citing *Tana Oil & Gas Corp. v. McCall*, 104 S.W.3d 80, 81–82 (Tex. 2003)). Attorney's fees incident to other actual damages are ordinarily not recoverable unless they are authorized by contract or statute. *MBM Fin. Corp. v. The Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009) (citing *Tony Gullo Motors I, L.P. v. Chapa*,

---

[4] There are some exceptions to this general rule, none of which is applicable in the present case. *See Quest Commc'ns Int'l, Inc. v. AT&T Corp.*, 114 S.W.3d 15, 32–33 (Tex. App.—Austin 2003), *rev'd in part on other grounds*, 167 S.W.3d 324 (Tex. 2005) (discussing equitable and other exceptions); *see also RAS Grp., Inc. v. Rent-A-Center East, Inc.*, 335 S.W.3d 630, 641 (Tex. App.—Dallas 2010, no pet.) (discussing two equitable exceptions).

212 S.W.3d 299, 310–11 (Tex. 2006) ("Texas has long followed the 'American Rule' prohibiting [attorney's] fee awards unless specifically provided by contract or statute."). Section 38.001(8) provides for the recovery of attorney's fees in a suit on a contract. *See* Tex. Civ. Prac. & Rem. Code § 38.001(8). A party generally may not recover attorney's fees on a breach of contract claim when the party fails to recover damages. *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 201 (Tex. 2004); *Keys v. Litton Loan Servicing, L.P.*, No. 14-07-00809-CV, 2009 Tex. App. LEXIS 9017, at *20 (Tex. App.—Houston [14th Dist.] Nov. 24, 2009, no pet.) (mem. op.); *see Worldwide Asset Purchasing*, 290 S.W.3d at 570 (party not entitled to attorney's fees incident to recovery unless party independently recovers actual damages).

MCRI sought the attorney's fees it incurred in defending Haubold's claims and prosecuting its counterclaim both as the actual damages resulting from Haubold's breach of the settlement agreement and pursuant to section 38.001, and the trial court awarded MCRI the full amount sought "as their reasonable and necessary attorney's fees through trial" and in the event of appeal to this Court and to the supreme court. However, because MCRI claimed no damages other than the attorney's fees it incurred in this suit as a result of Haubold's breach of the settlement agreement, MCRI's is not entitled to its attorney's fees on either ground.[5] MCRI's attorney's fees incurred in this case do not constitute actual damages in this case. *See RAS Grp., Inc. v. Rent-A-Center East, Inc.*, 335 S.W.3d 630, 641 (Tex. App.—Dallas 2010, no pet.) (attorney's fees incurred in defending breach of contract and tort claims not actual damages); *see also Worldwide*

---

[5] It is undisputed that the settlement agreement did not provide for the recovery of attorney's fees in an action brought for breach of its terms.

*Asset Purchasing*, 290 S.W.3d at 571 (attorney's fees incurred in defending fraud and false representation claims not actual damages); *Haden*, 222 S.W.3d at 597–98 (attorney's fees incurred in asserting counterclaims under DTPA not actual damages).

Further, section 38.001 provides that a successful party in an action for breach of contract may recover reasonable attorney's fees *in addition to the amount of a valid claim* and costs. *See* Tex. Civ. Prac. & Rem. Code § 38.001(8). "[T]here must be a recovery of money, or at least something of value; otherwise, the attorney's fee award cannot be described as an 'addition' to the claimant's relief." *Kenneth Leventhal & Co. v. Reeves*, 978 S.W.2d 253, 257–58 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (quoting *ITT Commercial Fin. Corp. v. Riehn*, 796 S.W.2d 248, 257 (Tex. App.—Dallas 1990, no writ)). Because MCRI's attorney's fees in the underlying suit were not actual damages, there was no evidence to support an award of attorney's fees under section 38.001(8). *See RAS Grp.*, 335 S.W.3d at 642; *Worldwide Asset Purchasing*, 290 S.W.3d at 571; *Kenneth Leventhal & Co.*, 978 S.W.2d at 258.

MCRI argues that it is entitled to recover its attorney's fees as actual damages because they were the natural, probable, and foreseeable result of Haubold's breach of the settlement agreement. While it may be true as a general rule that actual damages may be recovered when the loss is the natural, probable, and foreseeable consequence of the defendant's conduct, MCRI has cited no authority, and we have found none, for its contention that attorney's fees incurred in the same case in which they are sought are recoverable as actual damages. Nor do we find the cases MCRI cites in support of its argument controlling on the facts of this case. In *Ganske v. WRS Grp., Inc.*, No. 10-06-00050-CV, 2007 Tex. App. LEXIS 2991 (Tex. App.—Waco Apr. 18, 2007, no pet.)

13

(mem. op.), which MCRI contends is virtually identical to this case, the court held that the Ganskes could recover *prior* attorney's fees incurred in *prior* litigation defending claims brought by WRS, allegedly in breach of the parties' settlement agreement. *Id.* at \*12. However, the court expressly distinguished between the Ganskes' prior attorney's fees and their subsequent attorney's fees incurred in prosecuting the current claim for the prior attorney's fees, noting that the appeal addressed "only those attorney's fees claimed as damages for breach of the settlement agreement" and that "[r]ecovery of attorney's fees incurred in the current litigation is governed by Chapter 38 of the Civil Practices and Remedies Code." *Id.* at \*5.

Similarly, in *Guffey v. Clark*, No. 05-93-00849-CV, 1997 Tex. App. LEXIS 1609 (Tex. App.—Dallas Mar. 31, 1997, writ denied) (not designated for publication), the court concluded that Clark's attorney's fees incurred in *prior* litigation were recoverable as the foreseeable consequence of Guffey's breach of the parties' settlement agreement. *Id.* at \*11–12. The court then separately addressed Clark's attorney's fees in the current litigation and held that because Clark prevailed on his breach of contract claim and recovered *prior* attorney's fees as damages, he was entitled to recover attorney's fees incurred while prosecuting the current claim under section 38.001(8). *Id.* at \*14; *accord Nationwide Mut. Ins. Co. v. Holmes*, 842 S.W.2d 335, 342 (Tex. App.—San Antonio 1992, writ. denied) (upholding award of prior attorney's fees incurred in obtaining indemnification as actual damages in subsequent action under DTPA on equitable principles and on ground that, because fees awarded were not incurred in defending underlying suit, prohibition against award of such attorney's fees should not apply); *Texas Beef Cattle Co. v. Green*, 883 S.W.2d 415, 430 (Tex. App.—Beaumont 1994), *rev'd on other grounds*, 912 S.W.2d 203 (Tex.

1996) (attorney's fees incurred in prior litigation can be recovered as damages in later suit as exception to general rule that attorney's fees not recoverable unless provided by contract or statute).

MCRI's reliance on *Tana Oil & Gas Corp. v. McCall*, 104 S.W.3d 80 (Tex. 2003), is equally misplaced. MCRI contends that in *Tana Oil* the supreme court "implicitly recognized" that attorney's fees can be reasonably foreseeable damages by reversing the award of attorney's fees on a claim for tortious interference, not because attorney's fees can never be actual damages but because there was no causal relationship between the interference and the fees incurred. *See id.* at 82. However, this construction of *Tana Oil* ignores the fact that, as in *Ganske* and *Guffey*, the fees at issue were incurred in prior litigation.[6] *See id.* at 81. Similarly misplaced is MCRI's reliance on *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168 (Tex. 2013). In that case, a law firm sued Nalle for breach of contract, alleging that Nalle failed to pay its attorney's fees. MCRI cites to the supreme court's rejection of "the idea that attorney's fees can never be considered compensatory damages." *See id.* at 174. The full import of the supreme court's holding, however, was that "[w]hile attorney's fees incurred in prosecuting this claim are not compensatory damages, the fees comprising the breach-of-contract damages are." *See id.* at 175. The supreme court further held that "[i]f the *underlying* suit concerns a claim for attorney's fees as an element of damages, as with [the law firm's] claim for unpaid fees here, then those fees may properly be included in a judge or jury's compensatory damages award." *Id.* (citing *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. National Dev. & Research Corp.*, 299 S.W.3d 106, 111 (Tex. 2009) (holding that plaintiff in legal malpractice

_____

[6] Because the issue is not before us, we express no opinion as to whether attorney's fees incurred in a prior action are recoverable as actual damages in a subsequent action.

15

suit may recover damages for attorney's fees paid in *underlying* suit)). In other words, when the actual damages *are* attorney's fees, then they are recoverable. Unlike the law firm in *In re Nalle*, MCRI does not seek to recover attorney's fees as actual damages for breach of a contract for the payment of attorney's fees; it seeks to recover the fees incurred in defending and prosecuting the claims in this case, which the supreme court expressly held are not recoverable. *See id.* We do not find the authority cited by MCRI controlling.[7] MCRI has cited no Texas cases, and we have found none, holding that attorney's fees incurred to defend or prosecute an action are recoverable in that same action as actual damages. We sustain Haubold's first issue.[8]

---

[7] MCRI also cites a federal case in which the court held that attorney's fees are recoverable as damages for the breach of a release agreement. *See Widener v. Arco Oil & Gas Co.*, 717 F. Supp. 1211, 1217 (N.D. Tex. 1989). The *Widener* court reasoned, as MCRI argues, that because the purpose of a release is to avoid litigation, the damages resulting from a breach of the release are the attorney's fees incurred in defending the subsequent, wrongfully-brought action. *Id.* However, this case is not controlling, and our review of other federal court opinions reveals that "the majority of jurisdictions that have considered the issue have applied the American Rule to bar the award of attorney fees and costs in cases involving a breach of release." *See Noise Reduction, Inc. v. Nordam Corp.*, No. 90 C 6497, 1991 U.S. LEXIS 17830, at *20–21 (N.D. Ill. Dec. 6, 1991) (observing that majority of jurisdictions have held award of attorney's fees for breach of release appropriate only if release or a statute specifically authorizes recovery of fees and concluding that implicit in majority reasoning is recognition that there would be no reasoned way to contain an exception to the American Rule that could be invoked by characterizing attorney's fees as subject of lawsuit because release is raised as defense); *see also Bunnett v. Smallwood*, 793 P.2d 157, 161–62 (Colo. 1990) (observing most jurisdictions have applied American Rule barring award of attorney's fees for breach of release and holding that attorney's fees should not be awarded for breach of release unless provided by release, statute, or court rule). We decline to follow the reasoning of the court in *Widener*.

[8] Because we sustain Haubold's first issue, we do not reach his second and third issues. *See* Tex. R. App. P. 47.1.

16

## CONCLUSION

We reverse the trial court's award of attorney's fees to MCRI on its counterclaim and render judgment that MCRI take nothing on its counterclaim. We affirm the trial court's judgment in all other respects.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Puryear and Goodwin

Affirmed in Part; Reversed and Rendered in Part

Filed: March 14, 2014