# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-18-00258-CV

**Derek Robert Van Gilder, Appellant**

**v.**

**Donna Jean Van Gilder, Appellee**

## FROM THE DISTRICT COURT OF BASTROP COUNTY, 423RD JUDICIAL DISTRICT
## NO. 423-3263, HONORABLE JAMES D. SQUIER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N[1]

Derek Robert Van Gilder appeals from the trial court's order awarding Donna Jean Van Gilder, a/k/a Donna Thomson, $500 in damages and $4,000 in attorney's fees. Donna filed a motion to enforce the parties' mediated settlement agreement in their reopened divorce proceeding.[2] For the reasons that follow, we affirm the trial court's order in part and reverse and render in part.

---

[1] Notice of appeal for this case was originally filed in this Court in September 2016, at which time the case was transferred to the El Paso Court of Appeals in compliance with a docket-equalization order issued by the Texas Supreme Court. On April 12, 2018, the Texas Supreme Court ordered that certain cases be transferred back to this Court from the El Paso Court, and we consider this appeal pursuant to that order. *See* Misc. Docket No. 18-9054 (Tex. Apr. 12, 2018).

[2] Because it is not clear from the record whether Donna legally changed her surname from Van Gilder to Thomson after the parties' divorce, we refer to the parties by their first names.

**FACTUAL AND PROCEDURAL BACKGROUND**

Derek and Donna were divorced in 2014. They entered into a mediated settlement agreement (MSA), which included a confidentiality agreement, and the nonconfidential portion was filed in the trial court. *See* Tex. Fam. Code § 6.602(b) (providing conditions under which MSA is binding), (c) (providing that MSA that meets conditions entitles party to judgment on MSA notwithstanding any other rule of law). The MSA provided that "upon a finding of breach of the confidentiality agreement by a finder of fact, such breach shall result in a liquidated damages sanction in the amount of $25,000.00 payable to the benefit of the other party, together with all attorney's fees and costs to prosecute enforcement of the agreement." The trial court approved the MSA and signed a final decree of divorce. Soon after entry of the decree, Derek filed a motion to reopen the case and an application for a temporary restraining order, temporary injunction, and permanent injunction. The MSA awarded the marital residence to Derek as his separate property but also provided that Donna was allowed to reside there for a certain time. Derek sought to remove Donna from the marital residence based on alleged violations of the MSA by Donna concerning her use of the home. The parties agreed to an order that placed restrictions on Donna's use of the marital residence and provided for certain other agreements concerning the property. The order also required the parties to adhere to the terms of the divorce decree and provided that if a finder of fact determines that a party has violated the terms of the decree or the MSA, that party shall pay the other party $25,000 and any attorney's fees and costs.

Thereafter, both parties filed a series of motions to enforce the MSA. In her "Third Amended Motion for Enforcement and Request for Restraining Order," Donna alleged that Derek

2

had violated certain provisions of the MSA by "stalking" and "harassing" her. Specifically, she alleged that in returning personal items to her, Derek had included a video game entitled "Whose [sic] the Pervert Now" and a photograph taken by a security camera that Derek had placed in the backyard of the marital residence. The photograph was of an unclothed man in the yard with Donna. She also alleged that Derek had returned a photograph of her parents to her by placing it face down on her car windshield and that he had made derogatory comments about her to various individuals. Donna contended that Derek's actions violated the confidentiality provision of the MSA and its requirement that the parties surrender all photographs that disparage the other party. She sought to have the original photograph of the unclothed man released to the court, the security camera tape erased, and Derek restrained from coming within 200 feet of Donna and ordered to pay a sanction in the amount of $25,000 for violation of the MSA, along with Donna's attorney's fees and costs. Derek filed responses to Donna's motions for enforcement and sought sanctions under Rule 13 for Donna's filing of groundless pleadings. *See* Tex. R. Civ. P. 13 (providing for sanctions against party who files pleadings that are (1) groundless and (2) brought in bad faith or for purpose of harassment).

A hearing was held on Donna's third amended motion for enforcement on August 25, 2015. Donna presented her evidence and rested. After Derek presented the testimony of one witness, the trial court recessed the hearing. Donna then requested that she be allowed to prove up her attorney's fees, and the trial court responded that she could do so when the hearing resumed. On October 28, 2015, Donna filed her "Fourth Amended Motion for Enforcement and Request for Attorney's Fees," in which she asserted only two new claims for amounts owed under the MSA that Derek had allegedly failed to pay for the prior two months. When the recessed hearing

3

resumed on November 3, 2015, Derek did not object to the late filing of Donna's fourth amended motion for enforcement but contended that Donna had abandoned her claim for violation of the MSA asserted in her third amended motion by omitting it in the fourth amended motion. Derek also argued that at the prior hearing, Donna had rested without putting on evidence of attorney's fees and should not be allowed to do so at the resumed hearing. The trial court decided to proceed with the hearing on the claim asserted in Donna's third amended motion for enforcement, Derek completed his presentation of evidence, and the trial court allowed Donna to put on evidence of her attorney's fees.

At the conclusion of the hearing, the trial court awarded Donna $500 in actual damages and $4,000 in attorney's fees for "several instances of unwanted attention rising to the level of harassment." The trial court expressly declined to rule on whether Derek had violated the terms of the MSA but denied all relief not expressly granted and awarded Derek $2,500 as sanctions against Donna for filing frivolous pleadings.[3] These rulings were committed to a written order signed June 20, 2016, in which the trial court clarified that it had granted leave for Donna to file her fourth amended motion for enforcement and had found that by filing it, Donna had not abandoned the relief requested in her third amended motion for enforcement. Derek requested findings of fact

---

[3] After the trial court pronounced its rulings, Derek's attorney asked if the trial court was making a finding that the MSA was violated. The trial court responded:

> Well, I worded that there were instances of unwanted attention that I will call harassment, which could be a freestanding cause of action. I ordered that there were sanctions for frivolous claims, which are the basis of the attorney's fees you're getting. I don't know that I need to speak to whether or not the terms were violated.

and conclusions of law and filed a notice of past due findings, but none were ever entered. This appeal followed.

## DISCUSSION

In his first issue, Derek argues that Donna abandoned her claim for violation of the MSA asserted in her third amended motion when she filed her fourth amended motion between the two hearings and did not include that claim. At the resumed hearing, Donna's attorney explained to the trial court that her fourth amended motion was "a complete new cause of action with new issues that are before the court." The trial court noted that the fourth amended motion was "just on unpaid payments" and continued to address the claim asserted in Donna's third amended motion, effectively treating the claims contained in the fourth amended motion as supplemental claims. We will consider whether the trial court abused its discretion in its treatment of Donna's fourth amended motion. *See In re Ameri-Fab, LLC*, No. 05-17-01458-CV, 2018 Tex. App. LEXIS 1061, at *10 (Tex. App.—Dallas Feb. 7, 2018, no pet.) (applying abuse of discretion standard to trial court's treating pleading as plea to jurisdiction rather than plea in abatement).

Based on the content of the fourth amended motion, rather than on its title, we conclude that the trial court did not abuse its discretion in treating the fourth amended motion as a supplemental motion and in completing the hearing on the claim for violation of the MSA contained in Donna's third amended motion. *See* Tex. R. Civ. P. 71 (Misnomer of Pleading); *In re J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016) (per curiam) (stating that when party has mistakenly designated pleading, if justice requires, court shall treat it as if it had been properly designated and acknowledge substance of relief sought despite formal styling of pleading and holding that motion not captioned

5

as one under Rule 306a nonetheless should be treated as one extending post-trial deadlines); *Texas Comm'n on Human Rights v. Morrison*, 381 S.W.3d 533, 536–37 (Tex. 2012) (observing that Texas Supreme Court has long favored common sense application of rules over technical approach that promotes form over substance); *Powell v. Stover*, 165 S.W.3d 322, 324 n.1 (Tex. 2005) (orig. proceeding) (treating pleading styled as appeal as petition for writ of mandamus where relator challenged denial of mandamus relief and did not appeal from final order); *Ameri-Fab, LLC*, 2018 Tex. App. LEXIS 1061, at *10 (holding that trial court did not abuse discretion in treating "plea to the jurisdiction" as plea to jurisdiction rather than as plea in abatement). Accordingly, we overrule Derek's first issue.

In his second issue, Derek argues that there was no evidence to support an award of damages to Donna for breach of the MSA, especially in light of the trial court's award of sanctions against Donna for filing frivolous pleadings, and therefore no basis for an award of attorney's fees.[4] In his third issue, Derek argues that the trial court erred in awarding actual damages and attorney's fees to Donna for "harassment" because Texas does not recognize a cause of action for harassment. We agree that the record does not support the trial court's award of damages and attorney's fees to Donna.

In her third amended motion for enforcement, Donna alleged one claim—that Derek's conduct had violated the MSA. However, the trial court expressly declined to rule on Donna's claim

---

[4] Derek also argues that Donna did not plead the elements of a claim for breach of the MSA and did not offer the MSA into evidence. The record reflects that Donna presented the MSA to the trial court in camera, which Derek does not dispute, and we assume without deciding that Donna sufficiently alleged a claim for breach of the MSA.

that Derek violated the MSA and then denied all relief requested but not granted. Therefore, regardless of whether the evidence would support a determination that Derek violated the MSA, the trial court did not make such a determination. Rather, in denying all relief requested but not granted, the trial court implicitly denied Donna's claim for breach of the MSA, and Donna does not appeal the denial of that claim. In addition, the trial court sanctioned Donna for frivolous pleadings, and Donna does not appeal the sanction. Although the trial court's order does not state specifically which claim it determined to be "frivolous," the only claim Donna actually asserted was the claim that Derek violated the MSA, and it follows that the trial court's sanction was based on Donna's filing of that claim.[5] For these reasons, the record does not reflect that the trial court made any award of damages to Donna based on her claim for breach of the MSA.

Nonetheless, despite denying Donna's claim that Derek violated the MSA and sanctioning Donna for filing that claim, the trial court "carved out" of her pleadings a claim for "harassment" and awarded Donna actual damages for "harassment" based on "several instances of unwanted attention rising to the level of harassment."[6] However, Texas law does not recognize a separate and independent cause of action for harassment. *Castano v. San Felipe Agric., Mfg.*

---

[5] At the hearing on Donna's third motion for enforcement, the trial court stated that it did not believe the comments that Derek had made, as testified to by witnesses, were actionable, but that when he placed the photograph of Donna's parents on her windshield without putting it in an envelope, Derek was "messing with her head"; that the evidence was "just of two people that haven't let go and moved on"; and that "other than that, [the trial court did not] have any observation that any causes or defenses [had] gotten any traction."

[6] At the beginning of the resumed hearing, the trial court cited Derek's "messing with [Donna's] head"—conduct it ultimately deemed "harassment"— and stated that it would allow Donna to put on evidence of her attorney's fees and was "going to order some attorney's fees for that part of the cause of action." At the conclusion of the hearing and in its order, the trial court awarded both actual damages and attorney's fees for "harassment."

7

*& Irrigation Co.*, No. 04-01-00822-CV, 2003 Tex. App. LEXIS 1312, at *11 & n.2 (Tex. App.—San Antonio Feb. 12, 2003, no pet.) (mem. op.) (declining to consider claim for harassment because Texas law does not recognize it as separate and independent cause of action and trial court therefore did not err in granting summary judgment in favor of defendant on harassment claim); *Pevler v. Pevler*, No. 03-98-00224-CV, 1999 Tex. App. LEXIS 4797, at *19 (Tex. App.—Austin June 30, 1999, no pet.) (mem. op., not designated for publication) (concluding that there was no cognizable cause of action for harassment under Texas law that could support trial court's award of damages for harassment).

Moreover, Donna did not purport to assert a claim for harassment in her third amended motion for enforcement and does not argue in support of such a claim on appeal. While she did allege that Derek was "harassing" her, she did so in the context of alleging that his actions violated the MSA. Likewise, although Donna alleged that Derek violated the MSA by "stalking" her, she did not allege the elements of a claim for stalking under chapter 85 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 85.003 (listing proof required for stalking claim, including that defendant engaged in harassing behavior, that claimant reasonably feared for her safety, and that defendant threatened bodily injury). Thus, the record does not support an award of damages to Donna for "harassment." *See Castano*, 2003 Tex. App. LEXIS 1312, at *11 & n.2; *Pevler*, 1999 Tex. App. LEXIS 4797, at *19. In the absence of a finding that Derek violated the MSA or a finding based on some other asserted cognizable cause of action, there was no basis for an award of actual damages. Therefore, we conclude that the trial court erred in awarding actual damages to Donna on the record before us.

Consequently, the trial court also erred in awarding attorney's fees to Donna. "Without an actual-damages recovery, a party is not entitled to an attorney's fees recovery." *Gulf States Utils. Co. v. Low*, 79 S.W.3d 561, 567 (Tex. 2002); *accord Worldwide Asset Purchasing, L.L.C. v. Rent-A-Center E., Inc.*, 290 S.W.3d 554, 570 (Tex. App.—Dallas 2009, no pet.) (stating that party is not entitled to attorney's fees incident to recovery unless party independently recovers actual damages); *Haden v. David J. Sacks, P.C.*, 222 S.W.3d 580, 597 (Tex. App.—Houston [1st Dist.] 2007), *rev'd in part on other grounds*, 263 S.W.3d 919 (Tex. 2008) (per curiam) (same). Because there was no basis for the trial court's award of actual damages to Donna for "harassment"—its only stated basis for the award of actual damages—there was no basis for the award of attorney's fees. Consequently, the trial court abused its discretion in awarding attorney's fees to Donna. *See Ridge Oil Co. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004) (stating that we review trial court's award of attorney's fees for abuse of discretion). Having concluded that the trial court erred in awarding actual damages and attorney's fees to Donna, we sustain Derek's second and third issues.[7]

---

[7] Because our disposition of Derek's first three issues is dispositive, we do not reach Derek's fourth issue, in which he argues that the trial court abused its discretion in awarding damages and attorney's fees in the absence of injunctive relief, or his fifth issue, in which he argues that the trial court abused its discretion in permitting Donna to present evidence on attorney's fees at the resumed hearing after resting her case at the first hearing. *See* Tex. R. App. P. 47.1.

## CONCLUSION

We reverse the portion of the trial court's order awarding actual damages and attorney's fees to Donna for "harassment" and render judgment that Donna take nothing on any such purported claim. We affirm the trial court's order in all other respects.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed in Part; Reversed and Rendered in Part

Filed:   June 28, 2018

10